## 55435. JOHNSON v. THE STATE.

SHULMAN, Judge.

In this appeal from his conviction for burglary and rape, appellant contends that the trial court erred in

failing to follow the procedures outlined in Georgia's "rape shield law," Code Ann. § 38-202.1.

On direct examination, the prosecutrix testified that when appellant began to have intercourse with her he asked her certain questions. The prosecuting attorney pursued that line of testimony: "Q. Okay, what — what questions did he ask you? A. . . .He asked me how old I was and why was I scared and was I a virgin. . . Q. Okay, and what was your answer to was you a virgin? A. Yes. "

On cross examination, after having the complainant repeat the questions allegedly asked by appellant during the intercourse, defense counsel brought out the following: "Q. Why did you tell him you were a virgin? A. Because I am. Q. You are a virgin? A. Yes. Q. I mean, you were a virgin — you were a virgin prior to that night, is that correct? A. Yes."

During the presentation of the defense, appellant's counsel requested that the jury be sent out. In their absence, he informed the court that he had two witnesses who were prepared to testify that they had had intercourse with the alleged victim prior to the date on which the alleged rape occurred. Counsel insisted that the only purpose for which the evidence was offered was to impeach the testimony of the prosecutrix. The trial court disallowed the testimony.

1. In his sole enumeration of error, appellant contends that the trial court erred in refusing to conduct an in camera hearing, in accordance with Code Ann. § 38-202.1 (b) (1), to determine the admissibility of the evidence. We disagree.

Code Ann. § 38-202.1, entitled, "Matters not relevant in prosecution for rape," provides that ". . . evidence relating to the past sexual behavior of the complaining witness shall not be admissible. . . except as provided in this section." The statute then sets out in subsection (a) two purposes for which such evidence is admissible (neither of which is impeachment) and in subsection (b), the procedure for determining admissibility: "(1) At the time the defense shall seek to introduce *evidence which would be covered by subsection (a),* the defense shall notify the court of such intent, whereupon the court shall conduct an in camera hearing to inquire into the

defendant's offer of proof." (Emphasis supplied.) The language of the statute makes it clear that an in camera hearing is required only when the defense proffers "evidence which would be covered by subsection (a)." Appellant's impeachment evidence, not being within the exception of subsection (a), did not trigger the statutory requirement of an in camera hearing.

Appellant argues that the proffered evidence did come within subsection (a), which provides: "(a) In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court, following the procedure described in paragraph (b), finds that the said past sexual behavior directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of."

It is within the second exception that appellant alleges that his evidence is admissible, i.e., that testimony that the alleged victim was not a virgin would support an inference that appellant reasonably believed she consented to his advances. That argument is wholly without merit. It is against just such reasoning (if she did it once, she did it again) that rape shield laws have been enacted in more than one-half of the states. See Berger, Man's Trial, Woman's Tribulation: Rape Cases in the Courtroom, 77 Columbia L. Rev. 1 (1977).

Appellant's offer of proof did not show that the evidence sought to be introduced was covered by subsection (a); in fact, it showed it was not. There was no error in the procedure followed by the trial court in excluding the evidence.

2. Although the issue is not encompassed by appellant's single enumeration of error, he raises in argument the spectre of a direct conflict between Code Ann. §§ 38-202.1, the rape shield law, and 38-1802, providing for impeachment by disproving the facts testified to by the witness. We agree that such a conflict exists, but we find no difficulty in resolving it.

"Those rules of evidence not included in the constitution may be changed by the General Assembly at

will unless some general provision of the state constitution or the United States Constitution restricts the power of the Legislature." Green, The Georgia Law of Evidence, § 2, p. 6. In the past, the General Assembly has exercised that power mentioned by Green modifying evidentiary rules by statute to make admissible that which was not (see Code Ann. § 38-711; *Guthrie v. Berrien Products Co.,* 91 Ga. App. 45, 48 (84 SE2d 596)) and not admissible that which formerly was (see Code Ann. § 38-419.1, "Communications to ministers, priests and rabbis").

The statute under consideration, Code Ann. § 38-202.1, is the product of the legislature's exercise of its power to modify the rules of evidence. It is a statute the specific purpose of which is to wholly exclude from consideration in a particular class of cases a specific type of evidence. "In any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness *shall not be admissible,* either as direct evidence or on cross-examination of the complaining witness or other witnesses *except as provided in this section."* Code Ann. § 38-202.1. (Emphasis supplied.)

It is clear from the legislature's use of the language emphasized in the quote above that it intended the exceptions provided in the statute to be exclusive. To permit the evidence which the statute seeks to control to be admitted for reasons or in ways not provided by the statute would rob the statute of its efficacy and thwart the obvious intent of the legislature. We hold, therefore, that Code Ann. § 38-202.1 provides the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness in prosecutions for rape. The res gestae rule, impeachment techniques and other traditional means for introducing evidence which is otherwise inadmissible can have no effect in this situation.

Although rape shield laws are intended generally to protect the complaining witness, thereby encouraging the reporting and prosecution of rapes (see Berger, supra, p. 54), the language of paragraph (a) of § 38-202.1, providing the two exceptions to inadmissibility, and paragraph (b), setting out the procedure for introducing evidence under the exceptions, indicates that the exceptions are provided

for the benefit of the defendant only. Since there is no method by which the state can properly introduce the proscribed evidence, a defendant may, by proper and timely objection, prevent the admission of such evidence. That exclusion would eliminate any conflict between §§ 38-202.1 and 38-1802: if there is no evidence of chastity, it need not be disproved.

In summary, we hold that the exceptions listed in Code Ann. § 38-202.1 (a) are exclusive and that those exceptions are provided solely for the benefit of the defendant who, by proper and timely objection, may prevent the state from introducing the evidence excluded by the statute.

3. The fact remains, however, that in this case such evidence was admitted. After a careful review of the proceedings, we find no cause for reversal.

Evidence of the past sexual behavior of the complaining witness came into the trial of this case twice, as is indicated in the initial paragraphs of this opinion. The first mention of the virginity of the prosecutrix on direct examination would have been admissible as part of the res gestae. However, as we have held above, the fact that evidence would normally be admissible as part of the res gestae does not overcome the expressed intent of the legislature to exclude the evidence. Therefore, the testimony on direct examination relating to the chastity of the complaining witness was inadmissible. But, no objection was ever made. "The failure of the defendant to object to this testimony was a waiver of its admissibility." *Edwards v. State,* 224 Ga. 684, 685 (164 SE2d 120).

The second mention of virginity came during cross examination of the prosecutrix. Defense counsel's question, "Why did you tell him you were a virgin?" was improper because it was in direct contravention of Code Ann. § 38-202.1. Appellant cannot complain of matters which, although injected into the trial by the prosecution, are also brought out in defense. *Maddox v. State,* 118 Ga. App. 678 (164 SE2d 861). This court is not required to bind up such self-inflicted wounds.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

SUBMITTED FEBRUARY 27, 1978— DECIDED JUNE 19. 1978.

*Pierce & House, Hinton R. Pierce,* for appellant.
*Richard E. Allen, District Attorney, Evita A. Paschal, Assistant District Attorney,* for appellee.