## 56286. PARKS v. THE STATE.

DEEN, Presiding Judge.

The defendant was indicted in two counts for rape and sodomy, and was convicted of adultery and sodomy. The only enumeration of error concerns the exclusion of testimony of a witness as to the bad character of the prosecutrix.

Code § 38-202.1 (Ga. L. 1976, p. 741) is a strong legislative attempt to protect the victim-prosecutrix in rape cases by the exclusion of evidence which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused. It prohibits all evidence relating to the past sexual behavior of the complaining witness, including marital history, mode of dress, general reputation for promiscuity, nonchastity or sexual mores contrary to community standards; in other words, her reputation concerning past sexual activity with persons other than the defendant. The exceptions are, if so found by the judge after an in camera hearing, that the past behavior involved participation by the accused, or that the evidence "supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of." The ev-

idence offered by a witness who was a co-worker with the defendant and the prosecutrix and who had been acquainted with the latter for about eight months was that he had had a single date with her on which she had had sexual relations with him; that he had been told by one other person that she was not truthful, and some women had been talking about her. Even before the statute was enacted, this type of evidence was inadmissible. *Lynn v. State,* 231 Ga. 559 (203 SE2d 221) (1974). Nothing remotely suggests that the defendant could, except as the result of an attack of megalomania, have inferred from these facts that the victim would consent to his sexual demands. The testimony was inadmissible in its entirety, and was properly excluded by the court. The fact that one other person had mentioned the prosecutrix told lies was insufficient to establish her general reputation for veracity and honesty. The remaining testimony, involving her sexual life, was not a base on which an opinion of bad general reputation could be founded. Code § 38-1804 stipulates that when good or bad character is proved by the statutory questions the "particular transactions, or the opinions of single individuals, shall not be inquired of on either side, except upon cross examination. . ." But this is not the type of transaction which may be made the subject of cross examination under Code § 38-202.1, from which it follows that these particulars are insufficient to justify a conclusion of bad character. Further, the witness had worked at the same plant as the defendant for approximately eight months; nothing he offered suggested any further knowledge of her character. There was no error in excluding this testimony. See also *Johnson v. State,* 146 Ga. App. 277 (246 SE2d 363) (1978).

*Judgment affirmed. Smith, J., concurs. Banke, J., concurs specially.*

SUBMITTED SEPTEMBER 11, 1978 — DECIDED OCTOBER 18, 1978.

*Thompson, Fox & Brinson, David A. Fox,* for appellant.

*Jeff C. Wayne, District Attorney,* for appellee.

BANKE, Judge, concurring specially.

1. I concur in the judgment of affirmance but resolutely dissent with that part of the opinion that relies upon *Johnson v. State,* 146 Ga. App. 277 (246 SE2d 363) (1978).

2. In *Johnson,* supra, the prosecutrix, while being examined by the prosecuting attorney, stated that she was a virgin before the alleged rape. She reiterated the same testimony on cross examination by defense counsel. During the presentation of the defense, appellant's counsel was not permitted to introduce testimony of two witnesses who would have testified that she was not a virgin. Counsel insisted that the only purpose for which the evidence was offered was to impeach the testimony of the prosecutrix. It is axiomatic that "a witness may be impeached by disproving the facts testified to by him." Code Ann. § 38-1802. Justice Lumpkin in construing this Code section said, "Strictly speaking, there can be no such thing as disproving a fact. A fact is something which is true, and it can never be untrue. The real meaning of the phrase that 'a witness may be impeached by disproving the facts testified to by him' is, that he may be impeached by proving that the statements made by him in his testimony are not the truth. . ." *Middle Ga. &c. R. Co. v. Barnett,* 104 Ga. 582, 584 (30 SE 771) (1898). The right of impeachment is inviolable and should never be abridged. All courts should endeavor to obtain the truth, and the impeachment process is one of the best methods devised to insure this result. "It is a mistake to lay down any fixed rule which will prevent him [trial judge] from permitting such testimony as may expose a false witness." IIIA Wigmore on Evidence, 966, 976, § 1005 (i). Truth should be sought for the very foundation of the verdict, and it should be the cement of our entire judicial process. There is no justification for letting the witness affirmatively resort to perjurious testimony in reliance on the defendant's disability to challenge her credibility. See Walder v. United States, 347 U. S. 62 (74 SC 354, 98 LE 503) (1954).

3. In my opinion there is no conflict between Code Ann. § 38-202.1 and Code Ann. § 38-1802. Code Ann. § 38-202.1 does not modify, repeal or even mention Code

Ann. § 38-1802. In writing our laws, it is patently unnecessary for the General Assembly to always include such words as "subject to impeachment," etc. It is fundamental that testimonial evidence is subject to impeachment. Therefore, it was not necessary to include the words "subject to impeachment" in Code Ann. § 38-202.1 in order to trigger the provisions of the impeachment process. Nor did this section command the prohibition that the inadmissible evidence could not be introduced "for any other purpose."

4. The majority in *Johnson* held that to permit the impeaching testimony would result in the unlawful introduction of evidence made inadmissible by Code Ann. § 38-202.1. In my view this reasoning is erroneous. Code Ann. Ch. 38-18 provides many methods of introducing evidence for impeachment which otherwise would be inadmissible under state statutes and case law. Even evidence ascending to constitutional standards of due process may be admitted for the purpose of impeachment although it would otherwise be clearly inadmissible; for example, unlawfully obtained confessions. See Harris v. New York, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971); Oregon v. Hass, 420 U. S. 714 (95 SC 1215, 43 LE2d 570) (1975).

5. Further, the so-called "rape shield law," Code Ann. § 38-202.1, was provided for the protection of the prosecutrix. When she voluntarily testified as to her lack of past sexual conduct, she waived her protection under the law. The shield provided by this law should not be perverted into a license to use questionable or possibly perjurious testimony free from the risk of adverse confrontation. When we condone conduct that erodes the right of impeachment, regardless of who takes the witness stand, we judicially create a weak link in our established purpose of discovering the truth—the object of all legal investigations.