69162. BROWN v. THE STATE.
(327 SE2d 515)

SOGNIER, Judge.

Brown appeals his conviction of two counts of statutory rape.

1. Appellant contends error by not allowing him to cross-examine the twelve-year-old victim as to other sexual activity to support his defense that her vaginal infection was caused by someone other than himself.

OCGA § 24-2-3 (b) permits introduction of evidence of other sexual activity of the complaining witness only if such behavior involved the defendant or if such evidence supports an inference that the defendant reasonably believed the complaining witness would have consented to his actions. *Brown v. State*, 170 Ga. App. 305 (317 SE2d 307) (1984). The statute has been held applicable to statutory rape, but the *exceptions* relating to consent and the accused's prior participation are inapplicable in statutory rape cases. *Estes v. State*, 165 Ga.

App. 453 (1) (301 SE2d 504) (1983). Accordingly, the trial court correctly refused to permit appellant to pursue this line of questioning.

2. Any question concerning error in the failure of the trial court to grant appellant's motion to sever the charge of enticing a child for indecent purposes for separate trial is moot. Appellant was acquitted of this charge and he has shown no harm or prejudice which might have been avoided by severing the trials. Thus, there was no error. See *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975).

3. Appellant contends it was error to allow the victim's sister to testify that when she was 15 years of age, appellant had sexual intercourse with her forcibly and against her will. Appellant argues that his sexual relationship with a person over the legal age of consent was not relevant to the offense charged. He also argues that since statutory rape is based solely on the age of the victim and force is not an element, his sexual intercourse with the victim's sister was not a similar offense, evidence of which would be admissible to show motive, plan, scheme, bent of mind and course of conduct. See *Johnson v. State,* 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978).

Before evidence of independent crimes is admissible, it is necessary to show that the defendant was the perpetrator of the independent crime, and there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. There is no question here that appellant was the perpetrator of the independent crime and in our opinion the offenses were similar. The offenses occurred during the same period of time (the summer of 1982) and in all three incidents appellant ordered the girls to remove their clothes or pants. Although force is not an element of statutory rape appellant forced the victim here to remove her clothes by use of threats that her house would be burned down. Thus, the evidence showed a course of conduct and lustful disposition of appellant to have intercourse with both girls, either with or without their consent. See *Allen v. State,* 163 Ga. App. 586, 587 (1) (295 SE2d 549) (1982); *Walls v. State,* 166 Ga. App. 503, 504 (2) (304 SE2d 547) (1983). Accordingly, we find no error.

4. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal on the ground that there was insufficient corroboration of the victim's testimony. This enumeration is without merit.

A ten-year-old neighbor testified that appellant told her he had kissed and done all other kinds of things with the victim. The amount of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. Slight circumstances may be sufficient corroboration, and the question of corroboration is one for the jury. *Hill v. State,* 159 Ga.

App. 489, 490 (1) (283 SE2d 703) (1981). We find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, it was not error to deny appellant's motion for a directed verdict of acquittal. *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

5. Lastly, appellant contends he was denied a fundamentally fair trial, due process of law and the effective assistance of counsel because the proceedings at a committal hearing on April 15, 1983 were not transcribed, thereby preventing him from properly cross-examining the witnesses. This contention is not supported by the transcript.

The record discloses that when the trial court discovered there was no transcript of the April hearing due to a malfunctioning recorder, a hearing was held two days prior to trial of the instant case so defense counsel could interview and cross-examine witnesses from the earlier hearing. The victim and the nurse who examined her testified under oath on direct and cross-examination at this hearing. Since the transcript before us is contrary to, and does not support, appellant's contention, this enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 19, 1985 —
REHEARING DENIED MARCH 5, 1985 — 

*Walter B. Harvey*, for appellant.
*Lindsay A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney*, for appellee.