### 72701. HAMILTON v. THE STATE.
(348 SE2d 735)

POPE, Judge.

Appellant Michael J. Hamilton was convicted of armed robbery and was sentenced to serve ten years. On August 28, 1984 Hamilton and his fiancee, Margaret Phillips, stopped at the Trade Winds Motel in Forsyth. While Hamilton waited in the car, Phillips went into the office and inquired about renting a room. Told she needed identification, Phillips left the office and went to the car. She returned to the office shortly, pointed a pistol at the clerk and demanded money. The clerk gave her the money, and she fled in the car with Hamilton driving.

The crime was reported to the police, and a short time later a police officer stopped Hamilton's car on I-75. Hamilton was driving. The officer ordered Hamilton to remove the car keys from the ignition and to throw them onto the road. Instead, Hamilton drove off at a high rate of speed. After a chase of some miles at speeds of up to 110 miles per hour, Hamilton drove his car into a ditch and fled into nearby woods. He was later apprehended in the woods with the money from the robbery and the pistol used in the robbery in his possession.

1. Hamilton urges the general grounds. Specifically, he argues that the indictment charged that the crime was committed by use of "an offensive weapon, to-wit: a gun," and that the proof showed that the gun was but a starter's pistol which could not fire live rounds and therefore could not be an offensive weapon. From this he argues a fatal variance between the allegata and the probata. We do not agree. "The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314)." (Punctuation omitted.) *West v. State*, 178 Ga. App. 550, 552 (343 SE2d 759) (1986). Armed robbery can be committed with a real weapon or with a toy or replica having the appearance of a real weapon. *Adsitt v. State*, 248 Ga. 237 (6) (282

SE2d 305) (1981). The indictment here put Hamilton on notice definitely of the charge against him and protected him from further prosecution for the same offense. See *McWilliams v. State*, 177 Ga. App. 447 (1) (339 SE2d 721) (1985). We find that there is no fatal variance. Hamilton further argues that the evidence is insufficient to show that he was a participant in the armed robbery. We disagree. See *Scott v. State*, 166 Ga. App. 240 (1) (304 SE2d 89) (1983); see also *Holland v. State*, 176 Ga. App. 343 (1) (335 SE2d 739) (1985).

2. We have examined the charge of the court and find no merit in Hamilton's contentions regarding same.

3. Hamilton argues that the trial court erred in sentencing him because he received a harsher sentence than did his accomplice. It is within the sound discretion of the trial court to sentence within the limits allowed by law; the sentence of one joint defendant is irrelevant in the sentencing of the other. *Johnson v. State*, 246 Ga. 126, 128 (269 SE2d 18) (1980). The sentence received by Hamilton is within the lawful limit. We find no error.

*Judgment affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1 and 3 and in the judgment.*

DECIDED SEPTEMBER 3, 1986.

*C. Robert Melton*, for appellant.

*E. Byron Smith, District Attorney, Hugh D. Sosebee, Jr., Assistant District Attorney*, for appellee.