A89A0087. VEAL v. THE STATE.
(382 SE2d 131)

SOGNIER, Judge.

Dennis James Veal was convicted of rape, aggravated sodomy, and aggravated assault with intent to rape arising out of two incidents involving different victims, and he filed this appeal.

1. Appellant first contends the trial court erred by denying his motion for directed verdict of acquittal on the rape charge because

the State did not prove the essential element of penetration. At trial the rape victim testified that appellant's penis entered the outer surface of her vagina, and the examining physician testified that, although he could not determine whether appellant's penis entered the victim's vagina, he did find lacerations on her vulva and hymen.

" 'Under the established rule in this State, the penetration of the female sexual organ by the sexual organ of the male, which is necessary to constitute rape, need be only slight; it is not necessary that the vagina shall be entered or the hymen ruptured, but an entering of the anterior of the organ, known as the vulva or labia, is sufficient.' [Cits.]" *Payne v. State*, 231 Ga. 755 (1) (204 SE2d 128) (1974). Penetration may be proved by indirect or circumstantial evidence. Id. Accordingly, construing the evidence to support the jury's verdict, we find that a rational trier of fact reasonably could have found appellant guilty beyond a reasonable doubt of the offense of rape. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Jackson v. State*, 157 Ga. App. 604 (1) (278 SE2d 5) (1981).

2. Appellant also enumerates as error the denial of his directed verdict motion on the aggravated assault with intent to rape charge, contending that as the evidence showed he used a blank gun the State did not prove use of a "deadly weapon" as alleged in the indictment, and thus there was a fatal variance between the allegata and the probata.

The assault victim testified that appellant accosted her in a women's rest room at Grady Hospital, pointed a gun at her, and demanded that she have sex with him. After persuading appellant to go somewhere more private, she was able to grab the gun from his pocket and call for help. She recalled feeling "panicked" after she saw the gun, and testified that she did not know until after a hospital security guard restrained appellant that the gun was a blank gun.

Under OCGA § 16-5-21 (a) a person commits the offense of aggravated assault if the weapon used in commission of the charged act reasonably appeared to the victim to be deadly even if the weapon was not actually capable of inflicting deadly harm. *Watts v. State*, 142 Ga. App. 857, 859 (237 SE2d 231) (1977). A pistol used in the manner established by the evidence in the instant case is a "deadly weapon" within the meaning of OCGA § 16-5-21 (a) as a matter of law even though it was loaded only with blanks, see *Adsitt v. State*, 248 Ga. 237, 240 (6) (282 SE2d 305) (1981), and thus there was no fatal variance between the allegata and the probata. See generally *Hamilton v. State*, 180 Ga. App. 197-198 (1) (348 SE2d 735) (1986).

3. Appellant contends in his third enumeration that the State improperly placed his character into evidence when the detective who investigated the rape testified that the victim identified appellant from a "lineup book of people who hung around" the bus station

where the rape occurred. This issue has been decided adversely to appellant. *Woodard v. State*, 234 Ga. 901, 902 (2) (218 SE2d 629) (1975).

4. Appellant's final enumeration of error is that the trial court erred by denying his motion in limine to preclude the rape victim from testifying that during the attack she told appellant she was a virgin.

The trial transcript reveals that in response to the prosecutor's question regarding the sequence of events during the attack, the rape victim testified that "[appellant] asked me did I have a boyfriend and have we ever had sex, and I told him, yes, I did. And no, we didn't. I said I didn't do those kind of things, and he told me it is my time to learn." The trial court admitted the statement as part of the res gestae.

We agree with appellant that the trial court's ruling was incorrect because the Rape Shield Statute, OCGA § 24-2-3, supersedes all evidentiary exceptions, including the res gestae rule. *Johnson v. State*, 146 Ga. App. 277, 280 (246 SE2d 363) (1978). However, " '[i]t is axiomatic that harm as well as error must be shown to authorize a reversal by this court, [cits.]' [cits.]" *Stoe v. State*, 187 Ga. App. 171, 172 (1) (369 SE2d 793) (1988), and we cannot perceive how appellant has been harmed by this ruling. The Rape Shield Statute protects the rape victim, not the accused, from admission of evidence "which might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused." *Parks v. State*, 147 Ga. App. 617 (249 SE2d 672) (1978). Moreover, as appellant's defense was based upon a claim of mistaken identity, not alleged consent by the victim, admission of the challenged testimony was not harmful to appellant. Finally, contrary to appellant's assertions, to the extent that appellant was precluded by the Rape Shield Statute from inquiring further into the victim's past sexual conduct, there was no violation of his constitutional rights. *Harris v. State*, 257 Ga. 666 (362 SE2d 211) (1987).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 19, 1989 —
REHEARING DENIED MAY 5, 1989 — 

*Jonathan J. Wade,* for appellant.
*Lewis R. Slaton, District Attorney, Richard E. Hicks, Henry M. Newkirk, Joseph J. Drolet, Assistant District Attorneys,* for appellee.