A90A0250. GIBBS v. THE STATE.
(395 SE2d 387)

BEASLEY, Judge.

Defendant, convicted of two counts of rape, OCGA § 16-6-1 (a), appeals, contending that the court improperly refused to allow him to thoroughly cross-examine the teenage victim.

Viewed in favor of the verdict, the evidence was that Gibbs lived with the victim and 8 to 10 other people. According to the victim and corroborating witnesses, the first rape occurred in October 1987 and the second on January 16, 1988. The victim's father took her to the hospital on January 19, but the doctor's exam produced inconclusive findings.

1. Gibbs introduced no evidence. Instead, he sought to impeach the victim through her cross-examination, plus that of the doctor to the effect that she said Gibbs raped her on additional occasions. The court conducted an *in camera* hearing and disallowed this evidence based on OCGA § 24-2-3 (the Rape Shield Statute). It provides in subsection (a) that "evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination of the complaining witness or other witnesses, except as provided in this Code section."

Subsection (b) provides that "[i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness may be introduced if the court . . . finds that the past sexual behavior directly involved the participation of the accused or finds that the evidence expected to be introduced supports an inference that the accused could have reasonably believed that the complaining witness consented to the conduct complained of . . . ."[1]

Despite repeated inquiries by the court, Gibbs disavowed any intent to invoke consent as a defense. He further denied that he had ever had sexual relations with the victim. His sole intention was to "attack the credibility of the victim," to cause a reasonable doubt that the incidents in the indictment even happened.

The Rape Shield Statute limits inquiries or suggestive innuendoes concerning the sexual background of the rape victim absent compliance with its terms. It represents "the exclusive means for admitting evidence relating to the past sexual behavior of the complaining witness. . . . The res gestae rule, impeachment techniques and other traditional means for introducing evidence which is otherwise inadmissible can have no effect in this situation." *Johnson v. State*, 146 Ga. App. 277, 280 (246 SE2d 363) (1978); *Veal v. State*, 191 Ga. App. 445, 447 (4) (382 SE2d 131) (1989).

Gibbs denied both alternative prerequisites of the statute, i.e., that he had ever had sexual relations with the victim or that he did but she consented. See *Marks v. State*, 192 Ga. App. 64 (2) (383 SE2d 626) (1989). His proffer indicated only that she might have said defendant raped her also on occasions other than the two charged. Rape is not consensual sexual behavior, which is what the statute alludes to. Moreover, it is not clear how such evidence would have aided defendant.

The proffer also failed to show how the evidence would impeach the victim. *Haynes v. State*, 180 Ga. App. 202, 203 (3) (349 SE2d 208) (1986). Despite Gibbs' argument, the present case is dissimilar from

---

[1] This disjunctive provision was amended by Ga. L. 1989, p. 272. The statute now requires both that the past behavior involved the accused and that the accused could have believed the victim consented.

*Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989), cert. denied, ___ U. S. ___ (110 SC 88, 107 LE2d 53) (1989) which involved prior false accusations by the victim against other men. Here, there was no indication that the victim was lying about the other incidents of rape by Gibbs. In fact, such evidence would have been admissible as proof of guilt rather than innocence. See, e.g., *Felker v. State*, 252 Ga. 351, 359 (1) (314 SE2d 621) (1984), for the principles pertaining to the admissibility of other criminal acts.

2. The enumeration dealing with the examining doctor's recollection of the victim's reference to more than two rapes by Gibbs is controlled by Division 1.

3. Defendant enumerates that the court's failure to allow him to cross-examine the victim with regard to sexual acts with males other than defendant and the fact that she was "quite possibly pregnant" when she went to the doctor violated his federal Sixth Amendment right to confrontation. He cites *Olden v. Kentucky*, 488 U. S. 227 (109 SC 480, 102 LE2d 513) (1988).

Defendant did not specifically invoke the Sixth Amendment right during the *in camera* hearing or otherwise. He argued only that such evidence was relevant to the victim's credibility and not precluded by the Rape Shield Statute. Those are the only grounds which will be considered. *Prince v. State*, 257 Ga. 84, 86 (3) (355 SE2d 424) (1987). The statute has previously been held constitutional and not violative of the Sixth Amendment. *Harris v. State*, 257 Ga. 666 (1) (362 SE2d 211) (1987).

The only proffer made by defendant concerning the possible pregnancy as a motive for lying was counsel's mere statement. The court did not err in finding that unavailing for purposes of meeting the requirements of the statute. As reflected on the statute's face, whether the evidence is introduced on direct or cross-examination, defendant must first satisfy one of the statute's alternative prerequisites.

*Olden*, supra, does not require a different result. There, consent was an issue and cross-examination about the victim's motive to deny consent, after defendant made a proffer which did directly contradict her prior testimony as to her living arrangements, was held to be reasonable cross-examination. The court noted that the right to cross-examine is not absolute and that a trial court may impose reasonable limits to take account of such factors as " 'harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that (would be) repetitive or only marginally relevant[.]' *Delaware v. Van Arsdall*, [475 U. S. 673] at 679, 89 LE2d 674, 106 SC 1431." *Olden*, supra at 232.

4. The evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McNeese v. State*, 170 Ga. App.

118 (1) (316 SE2d 564) (1984).
*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

Decided June 27, 1990.

*J. Robert Joiner, for appellant.*
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Constance C. Russell, Assistant District Attorneys*, for appellee.