A90A0776. PHILLIPS v. THE STATE.
(396 SE2d 57)

McMURRAY, Presiding Judge.

Defendant was convicted of rape and aggravated assault. Following the denial of his motion for a new trial, defendant appeals. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in failing to conduct an in camera hearing pursuant to OCGA § 24-2-3 (c). Counsel for defendant stated in his place what proof he intended to offer concerning the victim's past sexual relationship with defendant, the victim's father and other men. The trial court ruled that defendant would be permitted to introduce evidence concerning the victim's alleged sexual relationship with defendant. The trial court postponed a ruling, however, concerning the victim's alleged sexual relationship with her father and with other men. Sub-

sequently, defendant attempted to cross-examine the victim concerning her sexual relationship with her father and the trial court ruled the question to be inappropriate.

We find no prejudicial error. "If defendant desired a more formal hearing and an opportunity to present witnesses (instead of stating in his place what the evidence would show) he should have insisted upon doing so. Instead, defendant went along with the trial court's in camera format without objection." *Ford v. State*, 189 Ga. App. 395 (1) (376 SE2d 418). Likewise, if defendant wanted an immediate ruling upon his offer of proof, he should have insisted upon one. Instead, defendant went along with the postponement of the trial court's ruling.

Defendant's reliance upon *Hamilton v. State*, 185 Ga. App. 536, 538 (2) (365 SE2d 120), is misplaced. In that case, the trial court's grant of the State's motion in limine at the beginning of trial obviated defendant's obligation to request an evidentiary hearing.

2. In his second enumeration of error, defendant asserts that the trial court erred in refusing to permit evidence concerning the victim's alleged sexual relationship with her father and with other men. This enumeration of error is without merit.

Defendant was permitted to cross-examine the victim about her alleged sexual relationship with defendant and defendant was permitted to testify about that alleged relationship. The trial court properly excluded the evidence about which defendant complains because it could not have led defendant to believe reasonably that the victim consented to sexual intercourse with him. OCGA § 24-2-3 (b); *Roberts v. State*, 158 Ga. App. 309, 310 (2) (279 SE2d 753).

3. Next, defendant contends the trial court erred in refusing to permit defendant to cross-examine the victim concerning a statement he allegedly made to her immediately following the rape. In this regard, defendant insists that the statement was part of the res gestae. (According to defendant, he teased the victim about her alleged sexual relationship with her father and she got mad at him.) This contention is without merit. "[T]he Rape Shield Statute, OCGA § 24-2-3, supersedes all evidentiary exceptions, including the res gestae rule. *Johnson v. State*, 146 Ga. App. 277, 280 (246 SE2d 363) (1978)." *Veal v. State*, 191 Ga. App. 445, 447 (4) (382 SE2d 131).

4. Finally, defendant asserts the trial court erred in failing to permit him to testify that after he engaged in sexual intercourse with the victim he teased her about her alleged sexual relationship with her father. In this regard, defendant points out that he testified to this effect once without objection and he complains that he was not permitted to return to this subject later in his testimony because the State waived the rape shield statute by failing to object to this testimony when it was first offered. This enumeration of error is without

merit. The evidence was inadmissible in light of OCGA § 24-2-3. Assuming, arguendo, the State waived any objection to this testimony by failing to object to it when it was first offered from the witness stand (we note that the State opposed this evidence during the in camera proceeding), we fail to see how defendant was prejudiced by the trial court's ruling. After all, the very testimony which defendant attempted to introduce had already been admitted. *Hawkins v. State*, 141 Ga. App. 31 (2) (232 SE2d 377).

*Judgment affirmed. Carley, C. J., and Sognier, J., concur.*

DECIDED JULY 9, 1990.

*Mark G. Pitts*, for appellant.

*John R. Parks, District Attorney, Barbara A. Becraft, Assistant District Attorney*, for appellee.