## A90A1875. BYARS v. THE STATE.
### (403 SE2d 82)

BANKE, Presiding Judge.

The appellant was found guilty of statutory rape and child molestation; however, the child molestation conviction was merged into the statutory rape conviction for sentencing. The appellant brings this appeal from the denial of his motion for new trial.

The alleged victim testified that the appellant had sexual intercourse with her one evening when she was left alone with him and his younger brother in their house. The victim's mother testified that she had left her daughter with the appellant and his younger brother for about an hour one evening in January of 1989, while she and the appellant's mother went shopping. The appellant testified that he spent most of his time on this occasion talking to his girl friend on the phone, and he denied having had sex with the victim. It was shown that the victim had undergone an abortion on July 1, 1989, at which time she was 24 to 25 weeks pregnant, and that before the abortion she had told her cousin that the appellant was the one who had gotten her pregnant. *Held*:

1. The appellant contends that the trial court erred in refusing to direct a verdict of acquittal on the statutory rape count due to the absence of any evidence corroborating the alleged victim's testimony. See generally OCGA § 16-6-3. However, only the fact of the commission of the offense of statutory rape must be corroborated by other evidence; " ' "[C]orroborating identification evidence is not necessary" in statutory rape prosecutions.' [Cit.] . . . 'The quantum of corroboration needed in a rape case is not that which is in itself sufficient to convict the accused, but only that amount of independent evidence which tends to prove that the incident occurred as alleged. . . . Slight circumstances may be sufficient corroboration, and ultimately the ·question of corroboration is one for the jury.' [Cit.]" *Hill v. State*, 159 Ga. App. 489 (283 SE2d 703) (1981). See also *McClendon v. State*, 187 Ga. App. 666 (371 SE2d 139) (1988).

We hold that the victim's prior consistent statements to her cousin that the appellant had gotten her pregnant, combined with the other evidence showing that a pregnancy had in fact occurred and that the appellant had the opportunity to cause it, constituted sufficient corroboration of the victim's testimony at trial to support the statutory rape conviction. Accord *Long v. State*, 189 Ga. App. 131, 132 (375 SE2d 274) (1988). Believing that the evidence as a whole was sufficient to enable a rational trier of fact to find the appellant guilty of the offense beyond a reasonable doubt, we accordingly hold that the trial court did not err in denying his motion for directed verdict of acquittal. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The appellant contends that the trial court erred in admitting into evidence an incriminating statement he had made to a police detective without benefit of the *Miranda* warnings. The appellant had surrendered himself to police approximately a month after the issuance of the warrant for his arrest for the offenses for which he was on trial. He was neither questioned nor given the *Miranda* warnings at that time, and there was no evidence that he requested an attorney. The detective in question also worked as a security guard at high school football games, and he subsequently spoke with the appellant at such a game. He testified that the appellant was with a companion at the time and that the two of them were smiling and cutting up. While he did not remember who had initiated the conversation, he stated that the appellant's companion made reference to his [the detective's] inability to "get [his] hands on" the appellant during the month subsequent to the issuance of the arrest warrant and that the appellant responded by making some comments about the bond, following which he (the appellant) stated: "It wasn't no rape. Everybody in the neighborhood had some of that. . . ." The detective testified that the appellant was not in custody at the time but was free to and ultimately did walk away from the conversation.

The court was clearly authorized to conclude under these circumstances that the statement was voluntary, that the appellant was neither in custody nor responding to interrogation at the time he made it, and that the *Miranda* warnings accordingly were not required. See generally *Wilburn v. State*, 230 Ga. 675 (2) (198 SE2d 857) (1973); *Williams v. State*, 249 Ga. 839, 842 (295 SE2d 74) (1982). Moreover, because this testimony was introduced by the state in rebuttal, after the appellant denied having had sex with the victim, it would have been admissible for impeachment purposes under *Harris v. New York*, 401 U. S. 222 (91 SC 643, 28 LE2d 1) (1971), even had the *Miranda* warnings been required.

3. The appellant contends that the trial court erred in admitting testimony that he had been involved in a prior, forcible rape which had occurred in 1987. The alleged victim of this offense testified that the appellant and another individual had raped her at gunpoint.

"The rule allowing similar transaction evidence 'has been most liberally extended in the area of sexual offenses,' *Johnson v. State*, 242 Ga. 649, 652-653 (250 SE2d 394) (1978); and this court has held that the 'sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible.' [Cit.] *Smith v. State*, 193 Ga. App. 196, 198 (5) (387 SE2d 571) (1989)." *Jackson v. State*, 198 Ga. App. 447, 448 (___ SE2d ___) (1991). See also *Brown v. State*, 173 Ga. App. 640, 641 (3) (327 SE2d 515) (1985) (evidence of prior forcible rape committed against victim over the age of sexual consent held admissible in statutory rape case).

Noting that the victim of the prior rape was 15 when the offense occurred, only two years older than the victim in the present case, we hold that the trial court did not err in admitting the testimony in question as similar transaction evidence. See *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982).

4. The appellant contends that the court erred in admitting evidence concerning an incriminating in-custody statement he had made to police during their investigation of the prior rape, due to the state's failure to produce the statement in response to his request, made pursuant to OCGA § 17-7-210, for copies of any statements given by him while in police custody. The state contends that it was not required to provide the appellant with a copy of the statement because it did not concern the offense for which he was on trial.

OCGA § 17-7-210 (a) provides that upon written request "the defendant shall be entitled to have a copy of *any* statement given by him while in police custody." (Emphasis supplied.) Subsection (c) of the statute provides that "[f]ailure of the prosecution to comply with a defendant's timely written request for a copy of his statement, whether written or oral, shall result in such statement being excluded and suppressed from the prosecution's use in its case-in-chief or in rebuttal." Since the statute applies by its terms to "any" statement given by the defendant while in police custody, and since the appellant made a timely request pursuant to OCGA § 17-7-210 for copies of such statements, we hold that the trial court erred in allowing the statement in question to be introduced against him during the trial.

*Judgment reversed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991.

*James C. Wyatt*, for appellant.
*Stephen F. Lanier, District Attorney, H. Harold Chambers, Jr., Leigh E. Patterson, Assistant District Attorneys*, for appellee.