A92A1013. ROUSE v. THE STATE.
(420 SE2d 779)

McMURRAY, Presiding Judge.

Defendant was convicted on four counts of child molestation relating to the same victim. After the denial of his motion for new trial, defendant appealed to the Supreme Court of the State of Georgia, challenging the constitutionality of OCGA § 24-2-3 and contending the trial court erred in excluding evidence that the victim's stepfather molested her. The Supreme Court transferred the appeal to this Court. *Held*:

1. Defendant contends the trial court erred in excluding evidence that the victim's stepfather molested her, arguing that such proof is relevant to rebut evidence inferring that he infected the victim with gonorrhea.

Dr. James Bradshaw testified that he examined the nine-year-old

victim pursuant to an investigation of alleged child abuse and that his examination revealed that the victim had been sexually penetrated and was infected with gonorrhea. Dr. Bradshaw testified that gonorrhea is primarily transmitted via penile penetration; that an infected male will almost always transmit the disease to an uninfected female and that his physical examination of defendant after the alleged acts of child molestation revealed that defendant had gonorrhea. In rebuttal, defendant offered testimony from two witnesses indicating that the victim's stepfather had sexually molested the victim; that the victim's stepfather persuaded the victim's mother to foist the blame of the sexual assaults on defendant and that the stepfather threatened the victim not to inform her mother of the sexual abuse. Defendant offered this testimony "for the sole purpose of showing that [the victim] possibly could have contracted venereal disease from sexual contact with a third party and . . . to [rebut] the State's assertion that the victim contracted venereal disease from the defendant alone." The trial court excluded the proffered evidence, refusing to allow testimony. regarding other sexual activity of the victim.

In *Brown v. State*, 173 Ga. App. 640 (1) (327 SE2d 515), it was held that the trial court did not err in refusing cross-examination of a 12-year-old victim as to other sexual activity to support a defense that the victim's vaginal infection was caused by someone other than the defendant. This Court reasoned that "OCGA § 24-2-3 (b) permits introduction of evidence of other sexual activity of the complaining witness only if such behavior involved the defendant or if such evidence supports an inference that the defendant reasonably believed the complaining witness would have consented to his actions. *Brown v. State*, 170 Ga. App. 305 (317 SE2d 307) (1984)." *Brown v. State*, 173 Ga. App. 640 (1), supra.

In the case sub judice, defendant does not assert the exceptions set out in OCGA § 24-2-3 (b) as a basis for introduction of evidence of the victim's past sexual behavior. He seeks admission of such evidence to support a defense that the victim's venereal disease may have been caused by the victim's stepfather. However, defendant failed to offer proof that the victim's stepfather was also infected with gonorrhea. Consequently, any evidence of the victim's sexual activity with her stepfather would have shed no light on the origin of the victim's sexually transmitted disease. Under these circumstances, the trial court did not err in refusing to allow the offered testimony regarding other sexual assaults upon the victim. *Brown v. State*, 173 Ga. App. 640 (1), supra. See *Hurst v. State*, 198 Ga. App. 380, 381 (2) (401 SE2d 348), and *Stancil v. State*, 196 Ga. App. 530 (1) (396 SE2d 299). Compare *Hall v. State*, 196 Ga. App. 523, 524 (2) (396 SE2d 271), where this court held that a defendant may introduce evidence of prior molestations of the child for the limited purpose of showing

other possible causes of behavior by the victim consistent with the child sexual abuse accommodation syndrome. Also compare *Burris v. State*, 204 Ga. App. 806 (420 SE2d 582) (1992) where this Court allowed evidence on the victim's accusation of child molestation against another based on a showing that the victim was strongly motivated to fabricate her accusation of child molestation against that defendant; that the victim had falsely accused another of child molestation and that the victim did not initially accuse that defendant of molesting her.

2. Defendant contends the trial court should have allowed the above proffered evidence under the res gestae exception to the hearsay rule. This contention is without merit. " '(T)he Rape Shield Statute, OCGA § 24-2-3, supersedes all evidentiary exceptions, including the res gestae rule. *Johnson v. State*, 146 Ga. App. 277, 280 (246 SE2d 363) (1978).' *Veal v. State*, 191 Ga. App. 445, 447 (4) (382 SE2d 131)." *Phillips v. State*, 196 Ga. App. 267, 268 (3) (396 SE2d 57).

3. In his final enumeration, defendant challenges the constitutionality of OCGA § 24-2-3 based on the due process clauses of the state and federal constitutions, arguing that "application of the Rape Shield Statute served to deny [him] a fair trial, by giving the State the ability to infer that [he] had given a venereal disease to the victim, while denying [him] the vital opportunity to rebut this assertion with material evidence." This contention is without merit.

"The constitutionality of the Rape Shield Statute has been established. *Harris v. State*, 257 Ga. 666 (2) (362 SE2d 211) (1987). It is applicable in child molestation cases to preclude evidence of the victim's reputation for nonchastity which ' "might reflect on the character of the witness without contributing materially to the issue of the guilt or innocence of the accused." (Cits.)' *Martin*[ *v. State*, 196 Ga. App. 145, 147 (3) (395 SE2d 391)]." *Snyder v. State*, 201 Ga. App. 66, 67 (5) (410 SE2d 173). In the case sub judice, evidence that the victim was molested by her stepfather would not have diminished evidence that defendant molested the victim. This enumeration is without merit.

*Judgment affirmed. Sognier, C. J., and Cooper, J., concur.*

DECIDED JUNE 26, 1992 —
RECONSIDERATION DENIED JULY 8, 1992 — 

*Waymon S. Harrell,* for appellant.
*Edward D. Lukemire, District Attorney, P. Dee Brophy, Assistant District Attorney,* for appellee.