## A93A0995. WILSON v. THE STATE.
(436 SE2d 732)

BEASLEY, Presiding Judge.

Count 1 of an indictment charged appellant with the molestation of 11-year-old G. K. by touching her breasts and vaginal area with the intent to arouse and satisfy his sexual desires. Count 2 charged him with the rape of 14-year-old M. B. This appeal relates to his conviction of G. K.'s molestation.

Thirteen days prior to trial, the State filed notice of its intent to present evidence of a similar transaction in which appellant drove a 13-year-old girl to a parking lot and touched her breasts and genital area over her clothes and rubbed her leg. A motion hearing was held the same day. The prosecutor stated that the evidence, offered to show bent of mind, showed that on two occasions appellant had taken off M. B.'s nightgown and underwear and touched her all over her body before having sexual intercourse with her, and appellant started kissing G. K. on the neck and rubbing her breasts and in between her legs, just like he did to the female in the other transaction.

Defendant objected on grounds that the rape victim was not a child, and a touching is not a similar transaction to a rape. The prosecutor responded that if the rape victim had been six to eight months younger, the offense would have been child molestation. The court stated that it was inclined to admit the similar transaction evidence as to the child molestation charge although this might cause the defendant to want a severance of the rape charge. The court instructed the parties to submit citations of authority.

One week later, defendant did file a motion for severance. The following day, the State filed a second notice of intent to present evidence of similar transactions, stating that subsequent to raping M. B., defendant had touched and grabbed her "all over" without her consent, and this incident led to her reporting to her mother that defendant had sexual intercourse with her on two prior occasions.

Four days after the State filed the second notice of intent, another motion hearing was held. At the hearing, the court granted defendant's motion for severance and ruled that the State could admit evidence of M. B.'s rape and the third female's molestation as similar transactions in the trial of the molestation of G. K., which the State

elected to try first. The court stated that it would rule at trial on the State's request to admit evidence of appellant's fondling of M. B.

At the hearing, the prosecutor moved in limine to prohibit reference to any sexual activity of any victim with anyone other than defendant, on grounds that such evidence is irrelevant and that its admission would violate the rape shield statute. Defense counsel argued that the rape shield statute was inapplicable because it concerns only voluntary activities; that one of the children in this case had been molested previously; and that evidence of this was relevant to credibility in that the prior molestation had so clouded the victim's thinking that any kind of attention, no matter how harmless, caused her to relive these things and think that every man was attempting the same thing. The prosecutor argued that this evidence was not relevant as to a child in her teens, although it might be as to a very young child who would not have any knowledge of sexual matters. The court stated that it would allow defense counsel to cross-examine the child as to whether she would be upset if a man just touched her without going into past sexual behavior. The defense to the molestation charge was that although the defendant was present and spoke to the victim at the time she said she was molested, nothing happened between the two of them. The judge granted the motion unless the defendant could present expert testimony that a prior molestation could lead to a subsequent false accusation of molestation.

Later at the hearing, defense counsel complained that she had not been served with notice of the State's intent to introduce evidence of M. B.'s rape as a similar transaction in the G. K. molestation trial. The prosecutor responded that Count 2 of the indictment constituted notice, and although USCR 31.1 required notice of the state's intent to present evidence of similar transactions to be given and filed at least 10 days before trial, the time could be shortened. The court stated that it would permit the state to present evidence of this similar transaction but, if it appeared at trial that defendant had been prejudiced, a mistrial would be granted.

The trial began the following day and during its course appellant did request a mistrial, but the grounds did not concern the adequacy of the State's notice of intent to present evidence of any similar transaction.

1. Appellant contends that the trial court erred in refusing to admit evidence concerning prior victimization of G. K. and the third girl, proffered by defendant to impeach their credibility concerning his acts against them.

"[E]vidence of a prior molestation as previous sexual activity on the part of the victim is not relevant in a child molestation case to show either the victim's reputation for nonchastity or her preoccupation with sex." *Hall v. State*, 196 Ga. App. 523, 525 (2) (396 SE2d

271) (1990); *Stancil v. State*, 196 Ga. App. 530 (396 SE2d 299) (1990).

It is admissible if relevant for another purpose related to an issue:

*Lemacks v. State*, 207 Ga. App. 160 (427 SE2d 536) (1993), held that where a physician testified that she found evidence of repeated penetration of the vaginal area and anus of statutory rape and child molestation victims, the trial court should have allowed defendant's evidence concerning prior alleged molestations of the victims to show that someone other than defendant caused their injuries, and to attack the victims' credibility.

*Strickland v. State*, 205 Ga. App. 473 (422 SE2d 312) (1992), held that the trial court abused its discretion in not admitting evidence of the victims' prior false allegations of child molestation by someone else, under circumstances similar to those in Strickland's case, to show lack of credibility.

*Hall v. State*, supra at 524 (2), held that where the State admits evidence that a child exhibited symptoms consistent with the child sexual abuse accommodation syndrome, evidence of prior molestations is admissible to establish other possible causes for the behavioral symptoms; and a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a young child's report of an improper touching must necessarily be weaker if the child has had occasion to learn about such behavior from prior incidents. Also see *Marion v. State*, 206 Ga. App. 159 (1) (424 SE2d 838) (1992).

*Moody v. State*, 205 Ga. App. 376, 377 (3) (422 SE2d 70) (1992), recognized that prior victimization may be admissible in a child molestation case to rebut evidence of child abuse accommodation syndrome and to attack the child's credibility, citing *Hall*, supra.

*Raines v. State*, 191 Ga. App. 743, 744 (2) (382 SE2d 738) (1989), a rape and simple battery case, held that evidence of the victim's past rape was relevant to explain her state of mind and conduct in failing physically to resist appellant.

This case involved a victim who was 11 years old at the time of the offense and 15 years old at the time of trial. She testified that she went into a utility house in her back yard. Appellant, who was working on her house at the time, came in behind her, closed the door part of the way, felt her on her chest and vaginal area, kissed her neck, said she was his girl friend, and asked her to kiss him. She pushed his hand away and told him to stop. He did it again, and she pushed him out of the way and ran out.

The trial court did not abuse its discretion in ruling that evidence that the victim had been previously molested was not relevant to the present molestation charge. Defendant did not show that it tended to undermine credibility, the purpose for which it was offered.

The witness was not a child of tender years. Such a child might be confused and base her testimony on what she learned from prior acts upon her by someone else. The probability of the witness in this case confusing the two events, considering her age, would be far weaker. On the other hand, the probability of her having general knowledge of such matters, not based on a prior incident, would be far greater. Thus it does not fall within the exception to inadmissibility as a matter of law.

2. Appellant contends that the trial court erred in admitting the testimony of M. B. regarding a rape as a similar transaction to a child molestation.

M. B. testified that she is appellant's cousin and was living with his family. See *Rouse v. State*, 204 Ga. App. 845 (1) (420 SE2d 779) (1992). She was sleeping when appellant came into her room one night, held her down, put his hand over her mouth, starting touching her person, pulled her gown up and her underclothes down, and inserted his private part into her private part.

The rule allowing similar transaction evidence has been most liberally extended in the area of sexual offenses. E.g., *Byars v. State*, 198 Ga. App. 793, 794 (3) (403 SE2d 82) (1991). Sexual molestation of young children, as well as teenagers, regardless of sex or type of act, is sufficient similarity to make the evidence admissible. See *Byars v. State*, supra; *Jackson v. State*, 198 Ga. App. 447, 448 (1) (402 SE2d 279) (1991); *Brown v. State*, 173 Ga. App. 640, 641 (3) (327 SE2d 515) (1985); *Cox v. State*, 173 Ga. App. 422 (1) (326 SE2d 796) (1985). The testimony was admissible to show appellant's inappropriate behavior, lustful disposition, and sexual proclivity toward young girls, i.e., his bent of mind. *Sears v. State*, 182 Ga. App. 480, 483 (5) (356 SE2d 72) (1987); *Bloodworth v. State*, 173 Ga. App. 688 (327 SE2d 756) (1985). Appellant fondled M. B. before raping her, just as he had fondled G. K., factual similarities between the child molestation and rape.

3. Appellant complains that he was not given timely notice of the State's intent to present evidence of M. B.'s rape as a similar transaction.

Rule 31.1 requires notice to be filed at least ten days before trial, but it also allows shortening or lengthening of the ten-day period by the court. This clothes the court with discretion which will not be controlled absent abuse. *Hall v. State*, 181 Ga. App. 92, 93 (1b) (351 SE2d 236) (1986).

The prosecutor put appellant on notice at the first motion hearing, which was more than ten days prior to trial, that if the counts of the indictment were severed the State would seek to admit evidence of the rape as a similar transaction in the trial of the child-molestation charge. The court indicated then that it was inclined to allow it if there was a severance, and defendant later did seek and obtain a sev-

erance. Since defendant was thereby enabled to resolve questions regarding admissibility of this evidence in advance of trial, the court did not abuse its discretion. *Nolton v. State*, 196 Ga. App. 690, 691 (1) (396 SE2d 605) (1990).

4. Appellant contends that the trial court erred in refusing to grant an appeal bond. The issue is moot because we affirm the conviction. *Dorminey v. State*, 205 Ga. App. 806, 808 (2) (423 SE2d 698) (1992).

5. Appellant contends that the trial court erred in denying his motion for new trial, as amended, on the ground that he was denied his state and federal constitutional rights to effective assistance of trial counsel, but he does not pursue an independent state claim. *Thomas v. State*, 203 Ga. App. 529, 530 (1) (417 SE2d 353) (1992).

"[A] claim of inadequacy of counsel under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)] must meet a two-part test. [Cit.] First, the defendant must show that counsel's performance was deficient. *Strickland*, supra at 687. Secondly, prejudice must be established by showing 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' Id. at 694." *Hand v. State*, 205 Ga. App. 467, 469 (2) (422 SE2d 316) (1992).

" 'Under *Strickland*'s first component, the defendant must show that counsel's representation "fell below an objective standard of reasonableness." 466 U. S. at 688. In regard to this component, *Strickland* emphasizes that counsel's "overarching duty" is "to advocate the defendant's cause . . . to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process." Id. at 688. In determining whether the defendant has established that counsel's performance was constitutionally deficient, the court should keep in mind that "counsel's function . . . is to make the adversarial testing process work in the particular case." Id. at 690. "Counsel has a duty to make reasonable investigations." Id. at 691. Moreover, the defendant must "overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.' " Id. at 689, citing *Michel v. Louisiana*, 350 U. S. 91, 101 (76 SC 158, 164, 100 LE 83) (1955).' *Jowers v. State*, 260 Ga. 459, 462 (2) (396 SE2d 891) (1990)." *Wilson v. State*, 199 Ga. App. 900, 901 (1) (406 SE2d 293) (1991).

" 'The burden is on the defendant to establish his claim of ineffective assistance of counsel. A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.' (Citation and punctuation omitted.) [Cit.]" *Karvonen v. State*, 205 Ga. App. 852, 853 (2) (424 SE2d 47) (1992).

Appellant complains that defense counsel failed to inform him

that the decision of whether he should testify was ultimately his, but counsel testified, and the court found, that she did inform defendant of this. The finding is supported by evidence and is not clearly erroneous. *Minton v. State*, 205 Ga. App. 430, 432 (2e) (422 SE2d 300) (1992). Appellant has not overcome the presumption that counsel's advising him not to testify would have been reasonable trial strategy. *Bridges v. State*, 205 Ga. App. 664, 665 (2) (423 SE2d 293) (1992).

Appellant argues that trial counsel did not fully investigate and prepare the case. The court found that counsel thoroughly investigated the case, and the evidence supports it.

Appellant charges counsel with numerous omissions, such as failure to develop evidence of his prior medical history; question his brother-in-law as to the crime charged; fully interview his mother, wife, and sister concerning their knowledge of the crime charged; obtain and analyze doctors' reports concerning M. B.; and present evidence of letters written by M. B.

Counsel testified that she was aware of appellant's prior medical history, as well as doctors' reports concerning M. B., but that this evidence was not helpful to the defense. At trial, counsel did question appellant's brother-in-law as to the crime charged. Based upon their testimony at the hearing on appellant's motion for new trial, it is speculation to suggest that the testimony of appellant's mother, sister or wife would have resulted in appellant's acquittal. *Garrett v. State*, 196 Ga. App. 872, 873 (1) (397 SE2d 205) (1990). Counsel testified that in her professional opinion the letters written by M. B. were inadmissible.

Appellant also complains of counsel's failure to question the pastor of his church concerning the fact that he had spoken to G. K. as to her molestation charge and that she had vacillated in her accusations against him. Although counsel testified at the hearing on appellant's motion for new trial that as best she could remember the pastor had made that statement to her, the trial transcript shows that counsel called the pastor as a defense witness because the third girl, who was also a member of appellant's church, had denied her accusations against appellant.

The trial court's conclusion in this case that appellant was afforded effective assistance of counsel was not clearly erroneous and therefore is upheld. *Karvonen v. State*, supra.

6. Appellant's challenge to the sufficiency of the evidence to support the verdict is unavailing under the standard established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Smith and Cooper, JJ., concur.*

DECIDED OCTOBER 13, 1993 —
RECONSIDERATION DENIED OCTOBER 29, 1993.

*Virginia K. Jacobs*, for appellant.
*Glenn W. Thomas, Jr., District Attorney, Kevin R. Gough, Assistant District Attorney*, for appellee.