## 60808. LORD v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his conviction for aggravated assault and simple assault.

The state's evidence was that police officers received a report of a person armed, drunk and disorderly and as a result thereof they went to defendant's residence. Defendant's wife was in the street by the house and told the officers that her husband had been drinking,

had beaten and threatened to kill her, and had chased her out of the house with a gun. The two officers, who were in full uniform, entered the house after opening the front screen door, announced they were police and told defendant to come out. Defendant replied that he was coming out, "officers" with his gun. Defendant then commenced shooting at the officers with a pistol and they returned the fire. Defendant fired six shots and struck one officer in the leg, knocking him down. Defendant was also injured by a police bullet. Despite defendant's testimony that he did not know they were police officers, that he thought they were robbers and that they fired at him first, defendant was convicted of aggravated assault on the officer who was shot and of simple assault on the other officer. *Held:*

1. Defendant complains in several enumerations that the trial court erred in admitting, over his objections of hearsay, the testimony of the police officers that they received reports of the disturbance which sent them to his house and of what his wife told the officers when they got there. We find no error. Such evidence is admissible for the purpose of explaining the subsequent conduct of the police. Code Ann. § 38-302; *Dowdy v. State,* 152 Ga. App. 145 (2) (262 SE2d 511); *Johnson v. State,* 149 Ga. App. 775 (2) (256 SE2d 51). Part of one of the officer's conversations with the wife also was related in the state's rebuttal to contradict the testimony of the wife who had testified to the contrary for the defense. Such testimony was admissible for impeachment purposes under Code Ann. § 38-1803.

2. Error is claimed for refusal to grant a mistrial when defendant's stepson, as a state's witness, testified that at defendant's commitment hearing defendant told the judge that he had already killed two or three people and two or three more did not make any difference to him, thus improperly placing his character in issue.

The trial court did not err. Defendant's statement at the commitment hearing constituted a voluntary admission by defendant concerning the offenses for which he was being tried. "It is no valid ground of objection to the admission in evidence of an incriminatory statement or confession made by the accused in a criminal case that the language indicated the accused had committed another and separate offense. [Cits.]" *Ledford v. State,* 215 Ga. 799 (6), 805 (113 SE2d 628).

Even assuming error, it was harmless in view of the overwhelming evidence of defendant's guilt. *Boyd v. State,* 244 Ga. 130 (1) (259 SE2d 71).

3. The remaining enumerations are without merit.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED JANUARY 13, 1981.

*James R. Venable, J. W. Claxton,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, R. Michael Whaley, Assistant District Attorneys,* for appellee.