## 63142. TRICE v. THE STATE.

McMURRAY, Presiding Judge.

The defendant, along with another, was indicted for the offense of armed robbery in the taking of money of value from a victim as bailee by intimidation and by use of a pistol, the same being an offensive weapon. The defendant was tried separately and found guilty and sentenced to a term of life imprisonment. It is noted here that the jury in trying the co-defendant found him not guilty. Defendant's motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. The state's evidence disclosed that the robbery occurred at a service station when the defendant sought to purchase a package of Kool cigarettes, pulled a gun and required the victim to fill a bank bag with money from the cash register. He then forced the victim to walk outside at gunpoint. When another automobile pulled into the station, the perpetrator ran down the street away from the station. The police were called and began searching the neighborhood. A detective, seeing an automobile parked on the street on which the suspect fled, approached it and asked the driver seated behind the wheel for his driver's license. As he questioned the driver another man approached slowly and entered the car. The detective also asked to see his identification. He then told the driver to drive his vehicle back up to the service station while he followed in an unmarked police car. After stopping at the service station, the vehicle the detective had directed to the station departed at a high rate of speed. The detective gave chase and after some distance stopped the vehicle. However, the passenger had disappeared. The victim failed to identify the driver as the robber. Fifteen minutes later another officer apprehended the defendant, who was unarmed. He did have an unopened package of Kool cigarettes when he was brought to the scene, having been seen walking in the vicinity near the service station. He had no weapon, no large amount of money and was wearing blue jeans, a white T-shirt and a blue denim-type cap. The defendant was promptly identified by the victim as the perpetrator. The defense contends that this occurred only after some conversation from the police to the effect that the defendant had changed his clothes. During the robbery the

perpetrator was wearing blue jeans, a green jogging jacket, white T-shirt and a red stocking cap. The defense then offered the testimony of the defendant showing his reason for being in the vicinity several blocks away when he was picked up by the policeman.

The credibility of the witnesses is entirely within the province of the trier of fact, and the jury apparently believed the state's witnesses and was unimpressed with the defendant's version as to why he was in the vicinity. *Redd v. State,* 154 Ga. App. 373 (1) (268 SE2d 423); *Fisher v. State,* 151 Ga. App. 93 (258 SE2d 920); *Brown v. State,* 150 Ga. App. 831 (1) (258 SE2d 641). After a careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt even considering the fact that defendant was not wearing all of the same clothing and the possible effect of an officer stating that the perpetrator had "changed his clothes." See in this connection *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga 751, 754 (279 SE2d 678). The trial court did not err in denying the motion for new trial based upon the general grounds.

2. An earlier trial resulted in a mistrial when the jury was deadlocked. Citing the dissent in *Cameron v. Caldwell,* 232 Ga. 611, 613 (208 SE2d 441), the defendant's counsel contends his second trial constituted double jeopardy in violation of the Fifth and Fourteenth Amendments of the United States Constitution. However, the majority opinion in *Cameron v. Caldwell,* supra, is controlling, and a second trial of the accused when the jury in the first trial was unable to reach a verdict is therein held to be not double jeopardy. There is no merit in this complaint, even though we do not find where the defendant raised this question during the trial that same amounted to double jeopardy to try him again. It thus appears that this enumeration of error was raised for the first time on appeal although the trial court did refer to the fact that the motion for new trial, as amended, was denied; and we find no amended motion in the record.

3. The remaining enumeration of error complains that the trial court erred in overruling defendant's objections to certain irrelevant testimony by a police detective who testified as to his conduct in arresting the first defendant when they arrived at the service station as to what happened to the passenger (the defendant). For the purpose of explaining the officer's conduct, but not for the truth of the assertions under the original evidence rule found in Code § 38-302, he was allowed to testify that the co-defendant (found not guilty), as the driver of the automobile, had replied that he had

jumped out of the car as they pulled into the service station and ran into the bushes or woods behind the service station. Defense counsel argues that under the principles set forth in Code § 38-302 the detective's conduct during the legal investigation with reference to the information and conversation with this individual should have been allowed only to explain the officer's conduct as to what he did as a result of that conversation. Yet the statute reads that when, in a legal investigation, information and conversations, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay but as original evidence. Consequently, the substance of the conversation at the service station as to the disappearance of the defendant was authorized in evidence as original evidence and not as hearsay under Code § 38-302. See *Garrett v. State,* 157 Ga. 817 (1), 820 (122 SE 211); *Shirley v. State,* 168 Ga. 344 (1), 345-346 (148 SE 91); *Lord v. State,* 157 Ga. App. 104, 105 (1) (276 SE2d 153); *Jones v. State,* 247 Ga. 268, 272 (7) (275 SE2d 67); *Anderson v. State,* 247 Ga. 397 (1) (276 SE2d 603). There is no merit in this complaint.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 20, 1982—

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Wallace Speed, Assistant District Attorneys,* for appellee.