## 66710. LITTLE v. THE STATE.

McMurray, Presiding Judge.

The defendant was indicted, tried and convicted of the offenses of habitual violator in operating a motor vehicle after receiving notice his driver's license had been revoked and giving a false name to a police officer with intent to mislead the officer as to his identity. He appeals his conviction following the overruling of his motion for new trial. *Held:*

The state produced testimony at trial that defendant had been previously arrested for driving under the influence by the Georgia State Patrol on April 19, 1981, and served with papers informing him that his license had been revoked and he had been declared an

habitual violator. On August 12, 1982, in the investigation of another criminal activity (theft at a motel), an officer of the local sheriff's department found the defendant sitting in his parked automobile behind the steering wheel with the ignition switch on and the motor still warm. When the officer asked him for his driver's license, the defendant produced one with the name Ronald V. Hayes and a Valdosta, Georgia address. The officer informed defendant that the picture on the license did not match his physical appearance, placed him under arrest, and transported him and his automobile to the Crisp County jail to run a license test. At that time it was discovered that defendant had been declared an habitual violator. When defendant continued to insist that his name was Ronald Hayes, the officer requested defendant's former wife, who was the night clerk at the motel, to come to the jail and identify the defendant, which she did.

The defendant testified that he was an alcoholic and had previously been arrested for driving under the influence, but he did not remember whether he had been notified he was an habitual offender. All he could recall about what happened when he was apprehended on August 12, 1982, was that he woke up in the back seat of his automobile and lit a cigarette when the officer drove up and ordered him over the loud speaker on the police vehicle to get out. He testified that he had not been driving the automobile as alleged, but had "picked up" a hitchhiker in Michigan, who had driven for defendant all the way to Cordele. The defendant stated on cross-examination that he could not remember the hitchhiker's name, but that it could have been David Grooms. He also testified that he had "assumed" the name Ronald Hayes while living in Michigan, and when he got the driver's license he had a beard and long, bleached hair.

The state recalled the officer of the sheriff's department in rebuttal and elicited testimony to the effect that David Grooms, the hitchhiker, had reported to police that the defendant had assaulted and robbed him and that defendant had been driving the automobile on August 12, 1982. Defense counsel's objection that this testimony was hearsay was overruled, and the court stated the testimony would be allowed "as it might go to show rebuttal so long as it explains this officer's conduct." Defense counsel again objected to "the relevancy of what this person told him," but the trial court allowed the testimony to be developed and reserved ruling thereon. At the close of this testimony, defendant's attorney's motion that this testimony be stricken as hearsay was denied, the court ruling that the jury would be allowed "to give it what weight and credit they see fit."

Defendant asserts on appeal that the state had already

sufficiently explained the officer's conduct so that further examination and testimony as to the substance and actual words used by Grooms were unnecessary. An investigating officer's "[c]onversation may be admitted under Code Ann. § 38-302 [now OCGA § 24-3-2] to explain conduct and as such is not considered hearsay. [Cit.] Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error unless the words are prejudicial. [Cit.]" *Arnold v. State,* 236 Ga. 534, 536-538 (5) (224 SE2d 386). Defendant contends that the details given by the officer were prejudicial because the issue of whether he was driving the car was essential to his conviction as an habitual violator and thus this testimony was improperly used under *Arnold* to prove his guilt.

The latest expression of the Supreme Court on this subject was set forth in *Momon v. State,* 249 Ga. 865, 867 (294 SE2d 482) (1982), to-wit: "To prevent an overly broad interpretation of [OCGA § 24-3-2 (Code Ann. § 38-302)], we adopt the following: When, in a legal investigation, the conduct and motives of the actor are matters concerning which the truth must be found (i.e., are relevant to the issues on trial), then information, conversations, letters and replies, and similar evidence known to the actor are admissible to explain the actor's conduct. [Cits.] But where the conduct and motives of the actor are not matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial) then the information, etc., on which he or she acted shall not be admissible under [OCGA § 24-3-2 (Code Ann. § 38-302)]."

The evidence was admissible under the *Momon v. State,* supra, test because it involved information upon which the officer acted in charging the defendant as an habitual violator. As he testified, initially the officer was investigating a theft. Further conversation with the victim (Grooms), however, revealed that the robbery and assault occurred on the interstate highway after the defendant gave him a ride to Georgia from Michigan. This was, therefore, relevant to the officer's action in arresting defendant for driving with a suspended license and giving a false name, and was properly presented in rebuttal to defendant's testimony that it was Grooms who was driving. In any event, considering the officer's testimony that the defendant was found sitting behind the steering wheel of his own automobile and the defendant's own admission that he had "picked up" a hitchhiker on the way to Georgia, even if Grooms' declarations were inadmissible hearsay they were cumulative, and the evidence properly admitted was sufficient to render any error harmless beyond a reasonable doubt. *Trice v. State,* 161 Ga. App. 10, 11-12 (3) (288 SE2d 844); *Lord v. State,* 157 Ga. App. 104, 105 (1) (276

SE2d 153). Compare *Dover v. State,* 250 Ga. 209, 212-213 (5) (296 SE2d 710); *Little v. State,* 165 Ga. App. 389, 391 (3) (300 SE2d 540); *Hunt v. State,* 166 Ga. App. 524 (304 SE2d 576).

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 9, 1983.

*A. Frank Grimsley, Jr., Ronnie A. Wheeler,* for appellant.
*Gary C. Christy, District Attorney,* for appellee.