68466. WOODS v. THE STATE.
(323 SE2d 855)

McMURRAY, Chief Judge.

Defendant was indicted for two counts of armed robbery, one count of aggravated assault (with a deadly weapon) and one count of possession of firearms by a convicted felon. He was found guilty by the jury and appeals his conviction and sentence. *Held*:

The evidence adduced at trial showed that two armed robberies were committed in Atlanta on December 13, 1983. One was of a Baskin-Robbins Ice Cream Store on Bolton Road. Three eyewitnesses testified that at 4:00 p.m. an armed black man entered the store and demanded money. None of these witnesses identified defendant in a photographic display the next day, but all three picked him out of a

physical lineup and also identified him in open court as the perpetrator. The second robbery occurred at the K-Mart in Broadview Plaza at 5:50 p.m. the same day. An employee tending the cash register testified that a tall black man in his early twenties came through the line with a tool set and as she was about to ring it up he told her to give him the money in the register. When she delayed he came around the counter with a gun in his hand and started taking the money, telling her to hurry up or he would kill her. He then ran out the door and was pursued by two other K-Mart employees until he fired the pistol at them. The cashier who saw the perpetrator in the lighted area identified him in a physical lineup and in court as defendant. Fingerprints lifted from the tool set left on the counter by the perpetrator matched defendant's prints. A vehicle suspected of being used in the K-Mart robbery was stopped the next day by a police officer. Defendant, who matched the description of the perpetrator, was driving the car and a black jacket matching the description of the one worn by the perpetrator was in the back seat. Defendant denied committing the robberies, testifying that he loaned the car to a friend that day and did not see it again until after 6:00 p.m. when he and his friend went to pick up his girl friend at Lenox Square.

1. The defendant contends that a mistrial should have been granted because he was denied a fair trial when the State violated a motion in limine to exclude any comments concerning defendant driving a "getaway car"; and that the prejudicial effects of these improper remarks were evidenced by questions from the jury. Our review of the remarks identified by defendant as offensive discloses no grounds for reversal.

The motion in limine was granted specifically to prohibit any testimony as to how the license tag number of defendant's automobile was obtained, since such evidence would have been hearsay. However, the arresting officer was allowed to explain his actions in investigating the K-Mart robbery, stopping the car and arresting defendant, which was properly admitted under OCGA § 24-3-2. *Little v. State*, 167 Ga. App. 880 (307 SE2d 761). Upon defense counsel's objection to the State's opening statement in regard to having a "lookout" on the vehicle, the trial court found no violation of the motion in limine and defendant refused the court's offer of limiting instructions, although such a charge was in fact subsequently given. The reference made in closing argument to the "getaway car" was not unreasonable, as this was a valid deduction which could be drawn from the evidence, and did not require the grant of a mistrial. *Thomas v. State*, 169 Ga. App. 119, 121 (312 SE2d 373). When, during deliberation the jury asked the court who had supplied the information in regard to the tag number and/or type of automobile, and why there was a police lookout for the car in question, the court, after consultation with and agreement

by attorneys for both sides, informed the jury that it could not answer the questions. Under the circumstances, no prejudice has been shown.

2. Defendant's second assertion, that the State was improperly allowed to comment on defendant's failure to call certain witnesses to corroborate his testimony, is likewise without merit. *Smith v. State*, 245 Ga. 205, 207 (4) (264 SE2d 15); *Jones v. State*, 168 Ga. App. 652, 653 (2) (310 SE2d 17).

3. Nor do we agree that the pre-trial identification procedures were unconstitutionally suggestive, or that the refusal of the trial court to charge upon request that identification by a witness is necessarily a matter of opinion, amounted to reversible error. Defendant complains that all of the witnesses were shown a photograph of him wearing the same red shirt which he wore in the lineup. However, since none of the witnesses identified defendant from the photograph, we fail to see how this in any way tainted the identification procedure. The court fully instructed the jury as to each element of the offenses of which defendant was charged, the credibility of witnesses and the State's burden when an alibi defense is raised. It then further charged that "[t]he identity of the accused must be proven . . . beyond a reasonable doubt so as to exclude any possibility of a mistake being made. If there is a reasonable doubt as to the identification of the accused as the person who committed the crime, then you must acquit the accused." The requested charge was therefore not required. *Smith v. State*, 161 Ga. App. 240, 241 (4) (288 SE2d 304); *Young v. State*, 226 Ga. 553 (7) (176 SE2d 52).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 8, 1984.

*John T. Chason*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, A. Thomas Jones, Assistant District Attorneys*, for appellee.