## A89A1647. MILLER v. THE STATE.
### (390 SE2d 901)

COOPER, Judge.

Appellant was convicted by a jury of rape and burglary, and appeals the denial of his motion for new trial.

The victim testified that she was awakened one morning by appellant pulling at her clothes and holding a knife to her throat. The victim further testified that appellant raped her, then went downstairs to lie on her couch for a couple of hours. When the victim saw appellant on her couch she recognized him as someone who used to come around her house. Later that day the victim related to her niece what appellant had done and that evening her daughter took her to the hospital where she recounted the events for the treating physician. The physician called the police, and the victim told the officer

that appellant had raped her.

1. Appellant contends that the trial court erred by allowing the prosecutor, during closing argument, to ask the jurors to put themselves in the place of the victim. Appellant objected to the following closing argument of the prosecutor: "When you are deliberating, when you are thinking about this case, try to put yourself in Mrs. Wright's shoes, in her clothing, in her dressing, in her sleeping gown that morning, and what was the circumstance that she described to your [sic] folks?" The challenged remarks must be examined in the context in which they were made. See *Baker v. State*, 179 Ga. App. 802 (1) (348 SE2d 128) (1986). Prior to making the allegedly improper remarks, the prosecutor made the following statement: "Her story has always been consistent. It's always been the same which was what [sic]: She woke up that morning or was awakened that morning. She didn't wake up. She was awakened. And — and, you folks — trials are conducted in courtrooms, and its relatively quiet here. It's relatively clean, and I hope it's relatively comfortable. Sometimes it's too hot. Usually in the summertime, the air conditioner is not working, and usually in the wintertime the heater is not working, but fortunately today and yesterday that hasn't been the case. It's quiet and clean and fairly comfortable in here. That's not the situation that Mrs. Wright found herself in that morning, and you folks try to remember that when you go back there in that jury room." It appears that the prosecutor's comments were in the context of talking about the circumstances which existed at the time of the incident, and were not improper. Furthermore, in view of the abundance of competent evidence which was adduced at trial, even if the prosecutor's remarks were improper, we find it " 'highly probable that the error did not contribute to the judgment.' [Cit.]" *Martinez v. State*, 176 Ga. App. 448 (2) (336 SE2d 349) (1985). Accordingly, the trial court did not err in overruling appellant's objection to the prosecutor's argument.

2. Appellant's second enumeration of error is that the trial court allowed, over objection, excessive hearsay testimony. At trial, three witnesses testified, over objection, that the victim told them that appellant had raped her. We find that the trial court properly admitted the evidence under well-established exceptions to the hearsay rule.

(a) The emergency room physician testified that the victim told him she had been raped by a black man named Miller. The physician's statement was admissible as a statement made for the purpose of describing medical history. OCGA § 24-3-4; *Johnson v. State*, 149 Ga. App. 544 (5) (254 SE2d 757) (1979). Since the identity of the appellant contained in the out-of-court statement was unnecessary to any legitimate purpose addressed in OCGA § 24-3-4, the admission of that portion of the statement was error. However, since the evidence was cumulative, its admission was not prejudicial to appellant. *John-*

*son*, supra at Division 5.

(b) The investigating officer testified that during his interview with the victim at the emergency room she told him that appellant raped her. The court, after overruling the objection, explained to the jury that the "officer's (c)onversation may be admitted under [OCGA § 24-3-2] to explain conduct and as such is not considered hearsay. (Cit.)" *Little v. State*, 167 Ga. App. 880, 882 (307 SE2d 761) (1983). The conversation the officer had with the victim was sufficient to authorize his action of arresting appellant. See *Morton v. State*, 168 Ga. App. 18 (1) (308 SE2d 41) (1983).

(c) After the victim's niece testified that the victim told her appellant raped her, the court instructed the jury that the testimony did not prove that the rape happened, but was admitted for the purpose of showing that the victim told her niece that she was raped. The veracity of the victim was at issue on the question of whether appellant raped her. Her out-of-court statement made to her niece was consistent with her in-court testimony given under oath and subject to cross-examination, thus the concerns of the hearsay rule are not present. *Brannon v. State*, 176 Ga. App. 781 (1) (337 SE2d 782) (1985). *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985) controls this case, and the trial court did not err admitting the testimony of the victim's niece.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 15, 1990.

*Naman L. J. Wood*, for appellant.

*Stephen F. Lanier, District Attorney, H. Harold Chambers, Jr., Assistant District Attorney*, for appellee.