## A05A1001. BROWN v. THE STATE.
### (614 SE2d 187)

PHIPPS, Judge.

Following the denial of his motion for new trial, Ricky Brown appeals his convictions of aggravated assault and possession of a weapon by an inmate. He complains of the trial court's admission of hearsay testimony. Finding no harmful error, we affirm.

Brown and the victim, Demarcos Howell, were cellmates at Ware State Prison. On the day in question, Julie Rice and Robert Gardner, correctional officers at the prison, observed Brown and Howell coming out of their cell while involved in an altercation. Rice and Gardner testified that Brown had his arm around Howell's neck and stabbed him in the back and neck several times with a sharp metal object before Howell broke free and ran back into their cell. When asked what Howell had been doing, Gardner responded, "he was trying to get away from him . . . trying to get him off his back." When asked if he remembered how Howell was dressed, Gardner responded, "He appeared to be . . . in his bed asleep because he was wearing . . . just boxers and a tee-shirt when he come out."

Howell was immediately taken to the prison infirmary and treated by Rebecca Lowman, a registered nurse. According to Lowman, Howell was wearing a bloody tee-shirt and looked angry and upset. Lowman testified that as part of her medical procedure she asked Howell what had happened. Brown's attorney raised a hearsay objection. The trial court overruled the objection, finding the testimony admissible under the hearsay exception relating to statements made for the purpose of medical diagnosis or treatment. Lowman then testified, "What he told me was that he was attacked by his roommate while he was sleeping."

Under OCGA § 24-3-4

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar *as reasonably pertinent to diagnosis or treatment* shall be admissible in evidence.[1]

Brown correctly argues that Howell's statements to the nurse regarding the identity of his attacker, and the circumstances surrounding the attack, did not fall within the statutory exception because they were not reasonably pertinent to her diagnosis or treatment.[2]

Nevertheless, the testimony was admissible under OCGA § 24-3-3: "Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of the res gestae." Howell's physical and emotional states at the time in question and the fact that he made the statements immediately after the attack made the statements admissible as part of the res gestae.[3]

Moreover, there was testimony by the correctional officers that Brown was the aggressor in the affray and that Howell appeared to have been asleep at the inception of the incident. Consequently, the hearsay testimony given by the nurse was cumulative of other evidence, and it is highly probable that its admission did not contribute to the judgment.[4] Thus the admission of the hearsay testimony was not harmful error.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED APRIL 21, 2005.

*John C. Culp*, for appellant.
*Richard E. Currie, District Attorney, Cecelia Harris, Assistant District Attorney*, for appellee.

---

[1] (Emphasis supplied.)

[2] *Howard v. State*, 261 Ga. 251, 252 (403 SE2d 204) (1991); see *Miller v. State*, 194 Ga. App. 533, 534 (2) (a) (390 SE2d 901) (1990) (although victim's statement to emergency room physician that she had been raped was admissible under OCGA § 24-3-4, admission of that portion of statement in which she had identified rapist was error).

[3] *White v. State*, 265 Ga. App. 117, 118 (592 SE2d 905) (2004).

[4] *Howard*, supra; *Miller*, supra.