## S08A1037. BRONER v. THE STATE.
(667 SE2d 613)

CARLEY, Justice.

A jury found Reginald Broner guilty of malice murder of Julian Beasley, possessing a firearm during the commission of that murder and possession of the weapon by a convicted felon. The trial court sentenced him to life imprisonment for murder and imposed two consecutive five-year terms of imprisonment for the weapon offenses. Broner filed a motion for new trial, which the trial court denied, and he now brings this appeal.[*]

1. The body of Mr. Beasley was found behind the wheel of his still-running vehicle. He had been shot in the chest. The homicide occurred at an intersection where drug transactions took place. The victim had previously solicited the purchase of drugs, but, having them in his possession, drove away without paying.

Broner and Stanley Jones, a drug dealer, were at the intersection when Mr. Beasley drove up. Jones approached to offer to sell drugs, but the victim gestured to Broner instead. According to Jones' statement to the police, he saw Broner shoot the victim. At trial, however, Jones disavowed his original statement, claiming that he had been coerced by threats from the police to charge him with conspiracy to murder Mr. Beasley unless he implicated Broner. Jones testified that he heard gunshots, but did not see Broner holding a firearm and did not know who had fired the gun.

After Jones testified, the State called his wife as a witness. She testified that, on the day of the homicide, he told her that "he heard

---

[*] The crimes were committed on January 2, 2002. The grand jury indicted Broner on August 6, 2002. The guilty verdicts were returned on March 18, 2004. The trial court entered the judgments of conviction and imposed the sentences on March 25, 2004. Broner filed the motion for new trial on April 7, 2004, and the trial court denied that motion on August 7, 2007. Broner filed a notice of appeal on August 14, 2007, and the case was docketed in this Court on March 5, 2008. The appeal was submitted for decision on April 28, 2008.

a gunshot. He said he looked up. He said he thought that the guy [in the car] shot [Broner]. He said but [Broner] was still standing and the guy was leaning . . . . The guy [who] was inside the truck that pulled up." Another prosecution witness testified that, before the shooting, Broner told her that "he was going to get the guy, if he came back[,]" and that, afterwards, he said: "I seen that guy. I told you I was going to do him."

When construed most strongly in support of the jury's verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof beyond a reasonable doubt that Broner was guilty of malice murder and the two weapon offenses. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Broner enumerates as error the trial court's failure to sustain his objection to the testimony of Jones' wife. Citing *Baugh v. State*, 276 Ga. 736, 738 (2) (585 SE2d 616) (2003), he contends that her testimony regarding the statement Jones made to her on the day of the homicide had the effect of impermissibly bolstering his testimony.

> [A] witness's prior consistent statement is admissible at trial "only where (1) the veracity of a witness's trial testimony has been placed in issue at trial; (2) the witness is present at trial; and (3) the witness is available for cross-examination." [Cits.] . . . "[A] witness's veracity is placed in issue so as to permit the introduction of a prior consistent statement only if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination." [Cits.] When there are no allegations of recent fabrication, or improper influence or motive on cross-examination, "(t)he prior consistent statement (is) hearsay evidence improperly admitted to bolster the witness's credibility in the eyes of the jury." [Cit.]

*Baugh v. State*, supra. Jones was present at trial and available for cross-examination, but, as Broner correctly asserts, the veracity of his testimony on direct was not challenged on cross-examination by the defense.

It is clear, however, that *Baugh* is inapplicable authority here. Unlike in that case, Jones' wife never testified to any prior statement which was consistent with Jones' trial testimony and the effect of her testimony was not to bolster the credibility of his. To the contrary, her testimony recounted a statement which was inconsistent with his trial testimony that he did not see Broner holding a gun and did not know who shot the victim. As evidence of a prior inconsistent statement, the testimony of Jones' wife was admissible for both

impeaching and substantive purposes. *Gibbons v. State*, 248 Ga. 858 (286 SE2d 717) (1982).

> In deciding *Gibbons*, [this] court sought to further the jury's truth-seeking function by allowing it to consider two versions of the same story recounted by the same witness — a witness's out-of-court statement made "closer in time to the event in question, when memories are fresher," [cit.] as opposed to the witness's contradictory testimony at trial, in which he repudiates his prior statement, when the jury has the benefit of observing the witness's demeanor while testifying and being cross-examined. [Cit.]

*Woodard v. State*, 269 Ga. 317, 318-319 (2) (496 SE2d 896) (1998). The statement to which Jones' wife testified may have been consistent with the one that he originally gave to the police, but the admissibility of her testimony for substantive and impeachment purposes is governed by what transpired at trial when he recanted his original statement and testified to an inconsistent version of the events in question.

> Once a declaration is made, both the State and the defense are accorded some measure of protection from the erratic or unpredictable witness, in that his declaration can be considered substantively where the witness appears and is subject to cross-examination, notwithstanding variant testimony from the stand.

*Gibbons v. State*, supra at 864.
*Judgments affirmed. All the Justices concur.*

DECIDED OCTOBER 6, 2008.

*Troutman Sanders, Thomas E. Borton IV*, for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Reggie A. Lampkin, Assistant Attorney General*, for appellee.