A10A0273. McGILL v. THE STATE.
(690 SE2d 648)

ANDREWS, Presiding Judge.

On appeal from his conviction for rape and aggravated sexual battery, Leon McGill argues that the trial court erred in its handling of testimony. We find no error and affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor

judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that in March 2003, the victim, who suffers from Down syndrome, was living with her mother and the mother's boyfriend. On March 17, while the mother was at work, McGill entered the victim's bedroom, removed his clothes, and got on top of her. The victim told McGill to stop and tried to push him off her, but he overpowered her, putting his penis in her vagina and his finger in her anus. Afterward, McGill told the victim to keep her mouth shut. McGill took the stand at trial and testified that the victim had entered his bedroom and climbed on top of him.

1. The evidence outlined above was sufficient to sustain McGill's conviction for rape and aggravated sexual battery. OCGA §§ 16-6-1 (a) (defining rape), 16-6-22.2 (defining aggravated sexual battery); *Jackson*, supra.

2. McGill first argues that the victim's testimony was improperly bolstered by testimony including (a) her own previously videotaped statement, (b) the testimony of a forensics interviewer concerning the victim's description of the crime to him, and (c) the testimony of the nurse who performed the initial examination of the victim. We disagree.

(a) "[T]he admissibility of . . . testimony for substantive and impeachment purposes is governed by what transpired at trial[.]" *Broner v. State*, 284 Ga. 402, 404 (2) (667 SE2d 613) (2008). Here, the victim's credibility was put at issue in cross-examination, which produced testimony including that she did not know what truth was, that she kept her clothes on throughout the attack, that her door was locked at the time, and that McGill was in the mother's room rather than hers. Under these circumstances, any relevant prior statements by her were not hearsay and were admissible. See id. at 403-404 (2) (admitting testimony undermining witness's recantation because witness was available at trial); *Overton v. State*, 295 Ga. App. 223, 236-237 (5) (671 SE2d 507) (2008) (prior inconsistent statements were admissible because witnesses were available at trial).

(b) The record shows that McGill objected to the forensic interviewer's initial testimony that the victim's story was not the product of coaching and that the objection was sustained. See *Bly v. State*, 283 Ga. 453, 459 (3) (660 SE2d 713) (2008) (trial court's approval of State's questions to the effect that an expert had vetted a victim's story and found it credible amounted to harmful error). But the record also shows that McGill made no further objections to any of the interviewer's testimony, including her answer to the

question whether the victim was telling a "repeated" or an "original" story. It follows that no error of law has been presented for our review. See *Brown v. State*, 277 Ga. 573, 574 (3) (592 SE2d 666) (2004) (failure to object to expert testimony waives argument on appeal).

(c) OCGA § 24-3-4 provides:

> Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment[,] shall be admissible in evidence.

Even assuming that the victim's identification of McGill as her attacker was "not reasonably pertinent to her diagnosis or treatment," see *Brown v. State*, 273 Ga. App. 88, 89 (614 SE2d 187) (2005), that identification was cumulative of other evidence as to McGill's identity. See id. (hearsay testimony concerning attacker's identity was admissible as part of the res gestae and as cumulative). The trial court did not abuse its discretion when it admitted the nurse's statement.

3. McGill next argues that the trial court erred when it sustained the State's objection to McGill's testimony that the victim told him that her mother would not let the victim see her boyfriend. See *Richardson v. State*, 276 Ga. 639, 640 (1) (581 SE2d 528) (2003) (evidence that a victim "has or had a romantic relationship with another man does not reflect on her character for sexual behavior" and is therefore admissible under OCGA § 24-2-3). McGill did not object to the trial court's ruling, however. This argument thus presents no error for review. See *Phillips v. State*, 196 Ga. App. 267, 268-269 (4) (396 SE2d 57) (1990) (either the State or a defendant may waive the protections of the rape shield statute).

4. McGill also argues that the trial court erred when it authorized hearsay testimony by the victim's sister concerning McGill's previous sexual contact with the victim. We disagree. The relevant topic was prior difficulties between McGill and the victim; McGill himself elicited the testimony in the course of exploring the sister's reasons for not wanting McGill in the house; and McGill did not request the contemporaneous instruction to which he might have been entitled. See *State v. Belt*, 269 Ga. 763, 764-765 (505 SE2d 1) (1998) (in the absence of a request to do so, the trial court was not required to give a limiting instruction concerning evidence of prior difficulties).

5. Finally, McGill argues that the trial court erred when it barred

a witness who could have confirmed McGill's account that he had told the witness an hour after the attack that the victim had been the aggressor. There was no call for additional testimony on this point, however, because the State sought to point out only that McGill had not made any outcry even though he had claimed to have felt "violated." The trial court did not abuse its discretion when it barred this testimony. See *Crawford v. State*, 139 Ga. App. 347 (228 SE2d 371) (1976) (no error in excluding a prior consistent statement when the witness has not been impeached on the subject of that statement).

*Judgment affirmed. Ellington and Doyle, JJ., concur.*

DECIDED JANUARY 25, 2010 —
RECONSIDERATION DENIED FEBRUARY 16, 2010 — 

*Jimmonique R. S. Rodgers*, for appellant.
*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.