## S12A1521. KIDD v. THE STATE.
### (736 SE2d 377)

BENHAM, Justice.

Appellant Michael Kidd appeals his convictions for murder and possession of a firearm during the commission of a crime stemming from the shooting death of Ronald Davenport.[1] Finding no error, we affirm.

1. Viewed in a light supporting the jury's verdict, the evidence at trial showed that in August 1999, appellant went looking for and threatened to kill the victim because the victim had assaulted appellant's sister who was the victim's ex-girlfriend. On September 17, 1999, the victim, his current girlfriend, and her infant were driving together on a road in Richmond County, when a white Ford Taurus began following them. The victim pulled off the road into a parking lot and the white car pulled up and parked behind the victim's car. The victim exited his car, and appellant emerged from the white car. A witness testified that he saw something shiny in appellant's hand and heard the victim ask appellant whether appellant had a gun. The two men exchanged words and then engaged in a fight in which they were closely locked together. Two witnesses testified that they heard three gunshots and saw the victim stagger to the ground. The victim's girlfriend testified that she saw a gun in appellant's hand and that there were two gunshots — one shot that went off while the two men were struggling and another shot which appellant fired while pointing the gun at the prone victim. All eyewitnesses to the shooting testified that the victim was unarmed. After the shooting, appellant fled the scene in his car and admittedly threw the gun away on the side of the road. The gun was not recovered.

The autopsy report showed that the victim had bullet wounds to his back, left thigh and left forearm. The bullet to the victim's back was fatal as it pierced his left lung and his heart causing internal hemorrhaging leading to his death. The authorities recovered two .380 caliber shell casings and one projectile from the scene, and

---

[1] On December 11, 1999, a Richmond County grand jury indicted appellant on charges of malice murder, felony murder, and possession of a firearm during the commission of a crime. Appellant was tried three times. The first trial in October 2000 ended in a mistrial. The second trial commenced in January 2001 and resulted in a hung jury. The third trial took place from September 24-26, 2001, and the jury returned a verdict of guilty on all charges. On October 17, 2001, the trial court sentenced appellant to life in prison for murder and five years, to be served consecutively, for possession of a firearm. The felony murder charge was vacated as a matter of law. Appellant moved for a new trial on November 5, 2001. Upon holding a hearing on December 12, 2011, the trial court denied appellant's motion for new trial on December 16, 2011. Appellant timely filed his notice of appeal on January 10, 2012, and the case was docketed to the September 2012 term of this Court for a decision to be made on the briefs.

recovered one projectile from the victim's body. A firearms' expert testified that the two casings were discharged from the same unknown type of gun and that the two projectiles had been shot from the same .380 caliber weapon. The firearms' examiner also testified that the fatal shot to the back was at close range and the shot to the leg was discharged at a distance of two to three feet from the victim.

The evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant alleges the trial court erred when, over appellant's objection, it allowed the State to bolster the testimony of two witnesses by using their prior consistent and sworn statements. A witness's prior consistent statement is admissible if the veracity of the witness's trial testimony has been placed in issue at trial, the witness is present at trial, and the witness is available for cross-examination. *Williams v. State*, 289 Ga. 672 (2) (715 SE2d 76) (2011) (citing *Woodard v. State*, 269 Ga. 317 (2) (496 SE2d 896) (1998)); *Broner v. State*, 284 Ga. 402 (2) (667 SE2d 613) (2008). A witness's veracity is placed in issue if " 'affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination.' " *Duggan v. State*, 285 Ga. 363 (2) (677 SE2d 92) (2009); *Pate v. State*, 315 Ga. App. 205 (1) (726 SE2d 691) (2012). For the prior consistent statement to be admissible, it must also predate the alleged fabrication, improper influence, or improper motive. Id.

At trial, Stephanie Fallen, the victim's cousin, testified that appellant approached her in August 1999 looking for the victim and threatening to kill the victim. The record shows that on cross-examination, appellant challenged Fallen's veracity by posing questions that suggested she had been dishonest about how long she had known appellant and about whether appellant knew she was the victim's cousin. Thomas Reynolds was an eyewitness to the shooting of the victim and testified on direct examination that he saw something shiny in appellant's hand when he and the victim began to fight, but did not know what the shiny object was. Reynolds also stated that he heard three gunshots in quick succession and that the gunshots sounded as if they were fired from a small caliber weapon. On cross-examination, defense counsel similarly challenged Reynolds's veracity by posing questions that suggested Reynolds had previously stated that he saw a gun in appellant's hand and that the gunshots he heard were muffled. Defense counsel's questions implied that Reynolds's trial testimony was recently fabricated. In both instances, the State, on re-direct, used the witnesses's prior sworn statements to rehabilitate their trial testimony. Under these circumstances, the

trial court did not abuse its discretion in allowing the admission of the prior consistent statements.

3. Appellant alleges the trial court erred by failing to give a charge on accident. We disagree. A trial court need not give a jury charge that is not supported by the evidence. See *Reese v. State*, 289 Ga. 446 (2) (711 SE2d 717) (2011). In this case, there was no evidence that appellant shot the victim by accident. The evidence showed that the victim was shot in his back at close range at an angle that could not be self-inflicted, as well as shot in the leg from a distance of more than two feet. Two witnesses testified that appellant had something in his hand immediately prior to the fight, with one of the witnesses stating that the object was a gun. Appellant's basic assertion to authorities that a gun went off during the struggle with the victim was insufficient to warrant a charge on accident. See *Mills v. State*, 287 Ga. 828 (4) (700 SE2d 544) (2010) (claim by a defendant that the shooting was an accident is, without more, insufficient to authorize a charge on accident).

4. Appellant alleges he was denied effective assistance of counsel due to counsel's failure to secure the testimony of appellant's sister. We disagree. At trial, defense counsel called to the stand a deputy sheriff and attempted to introduce through him the deputy's written report concerning the domestic violence incident between the victim and appellant's sister. During a bench conference, defense counsel stated the report would allegedly show that the appellant's sister reported to authorities that the victim owned a .380 caliber gun. The State objected to the entry of the report and any testimony by the deputy as to what appellant's sister reported to him. Because defense counsel believed that the State had previously stipulated to the entry of the report into evidence, counsel had released appellant's sister from testifying and allowed her to sit in and observe a portion of appellant's trial, whereas other testifying witnesses were sequestered before taking the stand. After the evidence was closed and after the attorneys had conducted their charge conference, defense counsel moved to reopen the evidence so he could call appellant's sister to the witness stand, but the trial court denied his motion.

To prevail on a claim of ineffective assistance of trial counsel, appellant

> must show counsel's performance was deficient and that the deficient performance prejudiced him to the point that a reasonable probability exists that, but for counsel's errors, the outcome of the trial would have been different. A strong presumption exists that counsel's conduct falls within the broad range of professional conduct.

(Citation and punctuation omitted.) *Pruitt v. State*, 282 Ga. 30, 34 (4) (644 SE2d 837) (2007). Pretermitting whether counsel's performance was deficient, appellant was not prejudiced by the failure of counsel to secure this witness's testimony because three eyewitnesses testified that the victim was unarmed at the time of the shooting and forensic evidence showed the fatal shot was to the back at an angle that could not be self-inflicted. Accordingly, this enumeration of error cannot be sustained.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 2013.

*Barbara B. Claridge*, for appellant.

*R. Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Kenneth W. Mishoe, Assistant Attorney General*, for appellee.