304 Ga. 900
FINAL COPY

S18A1328. RICHARDSON v. THE STATE.

BENHAM, Justice.

Appellant Charles Richardson was convicted of murder and associated

offenses arising out of the shooting death of Kyle Jennings.[1]  Appellant now

challenges his convictions on the basis that he received ineffective assistance

of counsel; finding no error, we affirm.

---

[1] The crimes occurred on April 11, 2008.  On January 27, 2009, a Fulton County grand jury returned an indictment charging Appellant with malice murder, felony murder (aggravated assault with a deadly weapon), aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. After a trial conducted April 5-7, 2010, a jury found Appellant guilty on all counts. Appellant was sentenced to life imprisonment for malice murder and a consecutive five-year prison term for possession of a firearm during the commission of a felony; all other charges were vacated by law or properly merged.  Appellant filed a timely motion for new trial on April 22, 2010, which was later amended.  Following a hearing, the trial court entered an order denying the motion on April 4, 2018.  See *Owens v. State*, 303 Ga. 254, 258 (811 SE2d 420) (2018) (reminding the bench and bar that "[w]e do not condone . . . inordinate delay[s] in . . . motion for new trial proceeding[s]," as such "delays put at risk the rights of defendants and crime victims and the validity of convictions obtained after a full trial").

Appellant filed a timely notice of appeal, and the case was docketed in this Court to the August 2018 term of court.  The case was orally argued on September 10, 2018.

Reviewing the record in a light most favorable to the verdicts, the evidence adduced at trial established as follows. In a prior drug transaction, Jennings paid Appellant with a counterfeit $100 bill and received $95 in change; Appellant sought out Jennings and spoke with him about the counterfeit money. Later, Appellant shot Jennings outside a convenience store where Jennings and his friends, Terrell McBride and Cyruss Hearst, had gone to make purchases. Hearst testified that he had exited the store with the victim, saw Appellant approach the victim, heard Appellant repeatedly say, "Let me get that," and watched as Appellant shot Jennings. According to Hearst, Appellant retreated across the street to his car after the shooting. McBride testified that he was inside the store when he heard gunshots, ran outside, made eye contact with a person he knew as "Chuck," and saw him run across the street to a car he recognized as belonging to Chuck; McBride identified Appellant as the person he saw and testified that Appellant had a gun. Appellant was apprehended months later in Chicago.

1. Though not raised by Appellant as error, in accordance with this Court's standard practice in appeals of murder cases, we have reviewed the record and find that the evidence, as stated above, was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the

crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. In his enumerations of error, Appellant asserts that he received ineffective assistance of counsel in three different ways. To succeed on his claims, Appellant bears the heavy burden of showing "both that his counsel performed deficiently and that, but for the deficiency, there is a reasonable probability that the outcome of his trial would have been more favorable." *Slaton v. State*, 303 Ga. 651, 652 (814 SE2d 344) (2018). See also *Strickland v. Washington*, 466 U. S. 668, 687, 694 (104 SCt 2052, 80 LE2d 674) (1984).

> To prove deficient performance, one must show that his attorney performed at trial in an objectively unreasonable way considering all the circumstances and in the light of prevailing professional norms. Courts reviewing ineffectiveness claims must apply a strong presumption that counsel's conduct fell within the wide range of reasonable professional performance. Thus, decisions regarding trial tactics and strategy may form the basis for an ineffectiveness claim only if they were so patently unreasonable that no competent attorney would have followed such a course. If the defendant fails to satisfy either the "deficient performance" or the "prejudice" prong of the *Strickland* test, this Court is not required to examine the other.

(Citation and punctuation omitted.) *Slaton*, 303 Ga. at 652-653. We address each of Appellant's claims in turn.

(a)   Prior to trial, Appellant's mother provided trial counsel with the name and contact information of Renaldo Hollingsworth, whom she identified as a potential exculpatory witness.  Likewise, in pre-trial discovery, the State mentioned Hollingsworth as a person who was present at the scene of the crimes.  Trial counsel did not call Hollingsworth as a witness, and Appellant claims ineffective assistance of counsel as a result.

At the hearing on Appellant's motion for new trial, Hollingsworth — a close friend of Appellant — testified that he was across the street from where the shooting occurred.  After hearing gunshots, he ducked, and when he immediately looked up again, the person he saw running away from the scene did not fit Appellant's physical description.  According to Hollingsworth, he was available to testify at trial, had given Appellant's mother his contact information for the purpose of passing it on to trial counsel, but he never heard from counsel; he acknowledged, however, that despite his apparent enthusiasm to testify and his close relationship with Appellant, he never sought out trial counsel directly.  Indeed, trial testimony reflects that Hollingsworth was actively avoiding any involvement in the case and fled from law enforcement who were seeking a witness statement.  Trial counsel testified that he recalled learning about Hollingsworth and that, though he had no specific recollection

as to whether he spoke with Hollingsworth, he was certain he would have attempted to reach Hollingsworth as part of his standard pre-trial investigation.

"The motion for new trial court was entitled to believe counsel's testimony on this issue, see *Warren v. State*, 283 Ga. 42, 44 (6) (656 SE2d 803) (2008), and likely did as the court denied [Appellant's] amended motion [for new trial]" with respect to this claim. *Thomas v. State*, 300 Ga. 433, 439 (796 SE2d 242) (2017). At most, Appellant demonstrated that Hollingsworth never actually spoke with trial counsel; however, trial counsel testified that he would have attempted to reach out to Hollingsworth, and it does not follow that trial counsel did not pursue Hollingsworth as a witness simply because Hollingsworth and trial counsel never connected. Cf. *Hudson v. State*, 284 Ga. 595, 598 (669 SE2d 94) (2008) (no deficient performance where trial counsel made good-faith effort to locate witness but was unsuccessful). Accordingly, Appellant has failed to demonstrate deficient performance.

Moreover, Appellant cannot demonstrate prejudice. While Appellant contends that Hollingsworth's testimony would have been helpful to his defense, trial counsel used Hollingsworth's absence at trial to great advantage, eliciting testimony that Hollingsworth was a person of interest in the shooting and was actively evading law enforcement. Trial counsel also used

Hollingsworth's absence to question the quality of the State's investigation — police were unable to locate or question him — and to suggest that Hollingsworth was the actual shooter. Accordingly, the trial court did not err when it denied relief on this claim.

(b) During closing argument, the State asserted that the testimony of certain witnesses was "the truth." The prosecutor then argued in his final closing that, "My job that I took an oath to do is to seek the truth. That's what the State is doing in this case." According to Appellant, the prosecutor improperly vouched for the credibility of witnesses, attacked the credibility of trial counsel, and attempted to bolster the prosecution's standing with the jury, and, as such, he says that trial counsel rendered ineffective assistance by failing to object.

"Closing arguments are judged in the context in which they are made." *Adams v. State*, 283 Ga. 298, 302 (3) (e) (658 SE2d 627) (2008). With respect to the prosecutor's first remarks, we conclude that the prosecutor permissibly urged the jurors to conclude the prosecution's witnesses offered credible testimony based on the evidence presented. See *Menefee v. State*, 301 Ga. 505, 515 (4) (a) (iii) (801 SE2d 782) (2017). Here, the prosecutor's references to the truth were made in the context of asking the jury to apply their common

sense when, for example, judging the credibility of witnesses. Where a prosecutor's argument was not improper, trial counsel's decision not to object does not amount to deficient performance. See *Lamar v. State*, 297 Ga. 89, 93 (3) (772 SE2d 636) (2015).

With respect to the prosecutor's second argument — that it was his job to "seek[ ] the truth" — even assuming that trial counsel was deficient for failing to object, Appellant has failed to demonstrate prejudice. The statement, while troubling, was made in response to the argument from defense counsel that, with respect to his intense cross-examination of witnesses, he "had a job to do" and that he was there "to stand up for [Appellant] and help him." Viewed in the context of dueling attorneys exchanging arguments concerning their role in the judicial process, "the improper remarks of the prosecuting attorney did not undermine the fundamental fairness of the trial," Powell v. State, 291 Ga. 743, 749 (733 SE2d 294) (2012), and the jury — which was instructed that the arguments of counsel were not to be considered evidence — would have understood these remarks to be little more than an exchange of emotionally-charged argument from the respective attorneys, see id.

(c) On direct examination, Hearst and McBride testified as to the events in question and identified Appellant as the shooter. Later in the trial, the State

elicited testimony from a detective regarding statements Hearst and McBride made on the night in question which were consistent with their trial testimony. Appellant asserts trial counsel provided ineffective assistance by failing to object to what Appellant claims was inadmissible bolstering evidence concerning the two eyewitnesses, which prejudiced his defense.

This case was tried in 2010, before the date Georgia's new Evidence Code went into effect. Under the old Evidence Code, a witness's prior consistent statement was admissible if the veracity of the witness's trial testimony was placed in issue at trial, the witness was present at trial, and the witness was available for cross-examination. See *Williams v. State*, 292 Ga. 844, 849 (3) (c) (742 SE2d 445) (2013). "A witness's veracity is placed in issue if affirmative charges of recent fabrication, improper influence, or improper motive are raised during cross-examination. For the prior consistent statement to be admissible, it must also predate the alleged fabrication, improper influence, or improper motive." *Kidd v. State*, 292 Ga. 259, 260 (2) (736 SE2d 377) (2013). Appellant asserts that trial counsel did not challenge the veracity of the witnesses with specific allegations of recent fabrication, improper motive, or improper influence, and therefore the rules permitting the introduction of prior consistent statements were not triggered. The trial

transcript shows, however, that defense counsel cross-examined Hearst by raising inconsistencies between Hearst's trial testimony and his previous statements to police, including whether he told police Appellant's name at the scene of the crime and whether he knew who Appellant was when the victim bought drugs from Appellant with counterfeit money. Similarly, defense counsel cross-examined McBride about inconsistencies between his trial testimony and his previous statements to police, including why he did not tell police that he knew Appellant was upset that the victim had paid him for drugs with counterfeit money. Even though defense counsel did not directly accuse the two witnesses of lying, it is obvious from counsel's cross-examination of the witnesses that he affirmatively attacked their veracity by pointing out inconsistencies between their previous statements and their trial testimony, and by pointing to material facts that were provided at trial but not disclosed in their prior statements to the police. The cross-examination of these witnesses clearly implied that their direct testimony constituted a recent fabrication, and the witnesses' statements to police predated the allegedly fabricated trial testimony. Consequently, the detective's testimony regarding the prior consistent statements these witnesses made to him was admissible. See *Williams*, supra, 292 Ga. at 850 (3) (c); *Kidd*, supra, 292 Ga. at 260. Trial

counsel did not perform deficiently by failing to make a meritless objection to the admission of this evidence. See *Wesley v. State*, 286 Ga. 355 (3) (a) (689 SE2d 280) (2010).

Judgment affirmed. All the Justices concur.

Decided January 22, 2019.

Murder. Fulton Superior Court. Before Judge Newkirk.

Brian Steel, for appellant.

Paul L. Howard, Jr., District Attorney, Lyndsey H. Rudder, Stephany J. Luttrell, Kevin C. Armstrong, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Vanessa T. Sassano, Assistant Attorney General, for appellee.